478 A.2d 800

COMMONWEALTH ex rel. Michael ROBINSON, a minor
and Kristin Leigh Robinson, a minor, by their natural
mother, Sharon Lynn Hangey ROBINSON

v.

Robert R. ROBINSON, Appellant.

Supreme Court of Pennsylvania.

Argued Jan. 27, 1984.

Decided June 28, 1984.

228

William R. Cooper, Stewart J. Greenleaf, Lansdale, for appellant.

Robert J. Kerns, Lansdale, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, ZAPPALA and PAPADAKOS, JJ.

## OPINION

PAPADAKOS, Justice.

Robert R. Robinson appeals a Superior Court order vacating a Montgomery County Common Pleas Court child custody award and remanding for further proceedings. We reverse.

Robert married Sharon Lynn Hangey on June 28, 1975. Both were married once before. During their marriage one child was born, Kristin Leigh, on February 24, 1976. In October, 1977, Robert adopted Sharon's son by her previous marriage, Michael, born October 11, 1972. In August, 1978, Sharon separated from Robert, leaving the children with him in the marital home. She lived for a short time with a friend, Sally Brown, but in September, 1979, began cohabiting with Joseph Lochetto, to whom she is now married and by whom she has a daughter, Gina, born in 1981. She filed for divorce in September, 1979, and later, in February, 1980, she commenced this habeas corpus action for custody of Kristen and Michael. The divorce was finalized on March 31, 1981, and both parties remarried thereafter.

On October 10, 1980, following a hearing, the trial court awarded custody to Robert, concluding that he would be a more dependable provider for the children's well-being. Sharon appealed to Superior Court, which, by order of November 30, 1981,[1] vacated the award on the basis that the trial court interviewed the children off the record[2] and that it failed to provide an opinion containing a sufficiently comprehensive analysis of the record and a complete explanation of its decision. Superior Court remanded for a more detailed opinion, directing the trial court to conduct an additional hearing for the purpose of updating the evidence, and noted that if the court chose to interview the children, it should have transcribed the testimony. There is no indication in the opinion, and none in the remainder of the record before us, that either party objected to the interview or to the failure to transcribe the testimony.

On remand, the common pleas court ordered, on its own initiative, a home investigation of both parties. A hearing was conducted on May 3, 1982, to update the evidence, but the trial court chose not to interview the children. Neither party objected to the court's decision not to interview the children, and they both agreed that the home investigation report should be included in the record and considered by the court, although the preparer of that report had not testified at the hearing. Subsequently, the trial court issued its decision on June 3, 1982, noting that it had considered the report, and awarded custody again to Robert.

Sharon appealed the second common pleas court order to Superior Court, contending that the court erred by failing to

1. *Commonwealth ex rel. Michael R. v. Robert R.,* 293 Pa.Superior Ct. 18, 437 A.2d 969 (1981).

2. Superior Court also noted its belief that counsel were absent from the interview, but the record clearly indicates that counsel were, in fact, present. (N.T., October 10, 1980, p. 155). *Under such circumstances,* the failure to transcribe could be cured by a party's submission of a "statement in absence of transcript", as authorized by Pa.R.A.P. 1923. *See also* Pa.R.C.P. 1915.11, (effective January 1, 1983).

interview the children and by failing to give adequate consideration to those portions of the home investigation reports and testimony which were favorable to her. Superior Court, by order of May 13, 1983, vacated and remanded again. It considered and rejected the argument that the trial court erred by not interviewing the children, but declined consideration of Sharon's arguments respecting the home investigation reports and testimony, and proceeded, on its own initiative, to review the trial court's findings. It also raised, on its own initiative, issues as to whether the trial court erred in considering the home investigation reports because the preparer did not testify, whether the trial court erred in considering Michael's school report card in the absence of testimony by a school official, and, also, whether there was an insufficient amount of disinterested testimony in the record. All these questions were answered in the affirmative.[3] Superior Court also decided that there was insufficient analysis in the court's opinion linking the evidence with its conclusions that Robert has provided the children with a happy, stable environment, and that Sharon is less reliable and stable than is Robert. It then remanded for the taking of additional disinterested testimony and yet another hearing to update the evidence, and another more comprehensive opinion.

■ Robert subsequently petitioned for allowance of an appeal, and we granted allocatur since it appears that Superior Court has expanded the traditionally broad scope of review standard in custody cases to such a degree that the role of trial judge has been reduced to hearing examiner and the role of our Superior Court has swelled to include that of trial judge and appellate counsel. Our custody cases have now begun to drag on interminably, as this case demonstrates, because our Superior Court apparently lacks the confidence which we have in our trial bench. We now

3. The home investigation reports were omitted from the record on appeal, and included only in the reproduced record. This omission should be corrected on remand pursuant to Pa.R.A.P. 1926.

address Robert's appeal more than four years after the inception of the case.[4]

## I.

■ Robert now argues, and we agree, that the Superior Court exceeded the proper scope of appellate review in this matter by reviewing the record independently of the issues raised by the parties. This was error because the burden is on the appellant, and not the appellate court, to demonstrate that the trial court's decree is, under the evidence, manifestly erroneous or based on an error of law. *See, e.g., Trefsgar v. Trefsgar,* 261 Pa.Superior Ct. 1, 395 A.2d 273 (1978); *Commonwealth ex rel. Shaak v. Shaak,* 171 Pa. Superior Ct. 122, 90 A.2d 270 (1952). Issues not raised on appeal, therefore, are effectively waived. *Compare Commonwealth ex rel. Holschuh v. Holland-Moritz,* 448 Pa. 437, 443 n. 4, 292 A.2d 380, 383 n. 4 (1972) (habeas corpus appeals involving the custody of children are treated just as any other habeas corpus appeal); *Commonwealth ex rel. Kress v. Rundle,* 425 Pa. 142, 228 A.2d 772 (1967) (issues not raised before the trial court are waived in habeas corpus appeal); *Sheppard v. Old Heritage Mutual Insurance Company,* 492 Pa. Superior Ct. 581, 425 A.2d 304 (1980) (failure to pursue issue on appeal is just as effective a waiver as is failure initially to raise issue). *Contra Gunter v. Gunter,* 240 Pa.Superior Ct. 382, 361 A.2d 307 (1976).

■ We recognize that the ultimate issue in a custody contest between parents is that of whether the best interests of the child lie in granting custody to one parent or the other. *Commonwealth ex rel. Pierce v. Pierce,* 493 Pa. 292, 426 A.2d 555 (1981). We do not believe, however, that "interminable and vexatious litigation," which abrogation of

4. We note that Sharon now attempts to raise the issue of whether the Superior Court erred in rejecting her argument that the trial court abused its discretion by deciding not to interview the children. Because she failed to cross-appeal the Superior Court decision, however, she is precluded from raising the issue before us. *See, e.g., City of Philadelphia Tax Review Board v. Manheim Laundry Company,* 398 Pa. 265, 157 A.2d 372 (1980); *Pennsylvania Human Relations Commission v. Chester Housing Authority,* 458 Pa. 67, 327 A.2d 335 (1974).

the waiver doctrine would promote, is any better a method for achieving a just result in a child custody case than it would be in any other type of proceeding before the courts. *See Daniel K.D. v. Jan M.H.*, 301 Pa.Superior Ct. 36, 40 n. 2, 446 A.2d 1323, 1324 n. 2 (1982).

Moreover, as we stated in *Wiegand v. Wiegand*, 461 Pa. 482, 485, 337 A.2d 256, 257–8 (1975):

Sua sponte consideration of issues deprives counsel of the opportunity to brief and argue the issues and the court of the benefit of counsel's advocacy...

It must therefore be concluded that the Superior Court should not have considered an unpresented issue, but instead resolved the appeal on the basis of the issues raised by the parties.

■ Accordingly, we hold that Superior Court erred by raising, *sua sponte*, issues respecting the propriety of the trial court's admission and consideration of the home investigation reports and the school report cards. Although a child-custody litigant has a due process right to in-court examination of the authors of reports adverse to them, *Wood v. Tucker*, 231 Pa.Superior Ct. 461, 332 A.2d 191 (1974), and denial of an opportunity for such examination may require reversal, *Rummel v. Rummel*, 263 Pa.Superior Ct. 97, 397 A.2d 13 (1979), where, as here, no litigant has questioned the authenticity and adequacy of the reports or complained of their admission and consideration, appellate courts should refrain from raising these issues *sua sponte, see Wiegand.*

■ We also hold that the Superior Court erred by failing to restrict itself to the parties' arguments, relating to the adequacy of the trial court's factual findings. Just as a parent is not permitted to relitigate the subject of his fitness relative to that of the other parent to provide for their child's best interests by petitioning for modification of a child-custody decree and inquiring further into the facts existing at the time of the common pleas court's decree, *Daniel K.D.*, an appellate court may not direct the parties

to relitigate those same facts by raising factual issues *sua sponte* and remanding for relitigation.

## II.

 Robert also argues that Superior Court erred in ordering a remand for the taking of additional disinterested testimony. We agree. The requirement for disinterested testimony is a requirement designed to insure that the interests of the children whose custody is at issue are not totally submerged. This concern is identical to that existing in determinations of the necessity for appointment of independent counsel for children in custody disputes. *See Lewis v. Lewis,* 271 Pa. Superior Ct. 519, 414 A.2d 375 (1979). Accordingly, the determination of the necessity of disinterested, or independent testimony should be left to the sound discretion of the trial court, as is the determination of the need for independent counsel, *see Lewis.* The trial court's determination should not be reversed in the absence of indications that the trial proceedings were so bitter that the children's interests were thrown aside. *See Palmer v. Tokarek,* 279 Pa.Superior Ct. 458, 476, 421 A.2d 289, 298–9 (1980) (citing *Lewis*). In the case at hand, there are no such indications; therefore, the Superior Court erred by ordering a remand for the taking of additional disinterested testimony.

 We also find error in the remand for the purpose of another hearing to update the evidence. Such an update may only be ordered where the parties have alleged specific and substantial changes in the circumstances relevant to the case. *See Commonwealth ex rel. Holschuh v. Holland-Moritz,* 448 Pa. 437, 292 A.2d 380 (1972); *Davidyan v. Davidyan,* 230 Pa.Superior Ct. 599, 327 A.2d 145 (1974). In the absence of such allegations, where a remand is necessitated for some action by the trial court, that court, in its sound discretion, may reopen the hearing for the taking of additional evidence, *Commonwealth ex rel. Forrester v. Forrester,* 258 Pa.Superior Ct. 397, 392 A.2d 852 (1978), *Commonwealth ex rel. Ulmer v. Ulmer,* 231 Pa.Superior

Ct. 144, 331 A.2d 665 (1974), including that of changed circumstances, *Garrity v. Garrity,* 268 Pa.Superior Ct. 217, 407 A.2d 1323 (1979).

## III.

■■■■■■ Appellate review in custody cases should be confined to the presented issues in accordance with the principles hereinafter enunciated. As Mr. Justice Nix, now Chief Justice, stated in *Commonwealth ex rel. Spriggs v. Carson,* 470 Pa. 290, 368 A.2d 635 (1977) (writing for a plurality of the court):

> (O)ur law has long recognized that the scope of review of an appellate court reviewing a custody matter is of the broadest type... Thus, an appellate court is not bound by deductions or inferences made by a trial court from the facts found; ... nor must a reviewing court accept a finding which has no competent evidence to support it ...
>
> \* \* \* \* \* \*
>
> However, we have also taken great care to stress: "... (T)his broader power of review was never intended to mean that an appellate court is free to nullify the factfinding function of the hearing judge..."
>
> \* \* \* \* \* \*
>
> (but, instead, is to remain) within the proper bounds of its review and (base a decision) upon its own independent deductions and inferences *from the facts as found by the hearing judge.* (Citations omitted; emphasis added.)

470 Pa. at 295–6, 368 A.2d at 637.

Mr. Justice Nix further stated in *Carson:*

> This fundamental limitation of a reviewing court's power has been articulated by the Superior Court as well in defining its own scope of review in custody matters: "... (W)e have recognized that the trial judge is in a position to evaluate the attitude, sincerity, credibility, and demeanor of the witness. Because we are not in such a position, we have recognized that a trial judge's determination of custody should be accorded great weight. *Only*

*where we are constrained to hold that there was a gross abuse of discretion should an appellate court interfere with the decisions of the hearing judge ..."* (Citation omitted; emphasis added.).

470 Pa. at 296, 368 A.2d at 637.

■ Thus, an appellate court is empowered to determine whether the trial court's incontrovertible factual findings support the trial court's factual conclusions, but may not interfere with those conclusions *unless they are unreasonable in light of the trial court's factual findings. Bohachevsky v. Sembrot,* 368 Pa. 228, 81 A.2d 554 (1951); and, thus, represent a gross abuse of discretion, *Carson.*[5] *See also, Andrikanics v. Andrekanics,* 371 Pa. 222, 89 A.2d 792 (1952).

■ Upon review of the entire record, we are satisfied that the trial judge's resolution was sufficient and should not be disturbed. It is clear from the exhaustive opinion of the trial judge, the Honorable Richard S. Lowe, P.J., that he carefully considered the matter, and that his decision turned upon his judgment that Sharon was a less reliable and more unstable parent than was Robert. Thus, finding the trial judge's opinion comprehensive and supported by the record, a remand for further exposition of the reasons for the decision is unnecessary, and would only be an unwarranted imposition and expense upon all parties.

Reversed.

ZAPPALA, J., filed a concurring opinion.

[5]. This principle is implicitly recognized in those Superior Court decisions, including the present one, requiring common pleas courts to explain fully the reasons for their decisions. *See, e.g., Gunter v. Gunter,* 240 Pa.Superior Ct. 382, 361 A.2d 307 (1976); *Commonwealth ex rel. Lettie H.W. v. Paul T.W.,* 281 Pa.Superior Ct. 262, 422 A.2d 159 (1980). Were an appellate court to act with absolute independence of a trial court's conclusions in reaching its own decision, the trial court's conclusions would be irrelevant and a remand for further explication of those conclusions would be erroneous, as well as logically absurd.

NIX, C.J., concurred in the result.

McDERMOTT and HUTCHINSON, JJ., did not participate in the consideration or decision of this case.

ZAPPALA, Justice, concurring.

While I concur in the result which is reached by the majority opinion, I am compelled to write separately to address the problem which underlies the confusion regarding the appropriate standard of review in child custody matters.

The majority suggests that final disposition of custody cases has been impeded because the Superior Court lacks confidence in our trial bench. This is a superficial analysis of the Superior Court's approach to handling the difficult and sensitive issues raised in a custody dispute.

The salutary attempts by the Superior Court to exercise a broad power of appellate review of custody decisions have recognized the grave responsibility of determining the best interests and welfare of the child. The problem arises where, as here, the Superior Court has concluded that the record is inadequate.

The conflict arises from the use of the adversarial process to determine what would be in the best interests of the child. Generally, each of the litigants who seeks custody is represented by counsel. The adversarial process naturally results in counsel acting as an advocate for the party whom he represents. The litigants and their counsel do not put forth a concerted effort to aid the trial court in determining what would be in the best interests of the child; rather, the litigants jockey to present evidence which is favorable to their separate positions on the parent who should receive custody. The presentation of testimony which supports each parent's position is not sufficient to ensure a determination of what actually is in the child's best interests.

Since the focus is properly on the child's best interest, the litigation process should reflect this. The process should move away from relying entirely upon the parents' advocates to develop testimony from which the trial court de-

cides the custody issue. The conflict will not effectively be resolved without requiring the appointment of an advocate for the child. Only then will it be certain that the child's interests are adequately presented and protected.

Rule 1915.11 of the Rules of Civil Procedure, provides, "[t]he court may on its own motion or the motion of a party appoint an attorney to represent the child in the action. The court may assess the cost upon the parties or any of them or as otherwise provided by law."

Although I believe that the current rule is inadequate and should be amended, in the present action the trial court should have appointed counsel when the Superior Court demonstrated its belief that the record was insufficient by repeatedly remanding the matter. Requiring the trial court to appoint an attorney for the child in all cases, rather than leaving it to the court's discretion, would accomplish with reason what the majority testily demands. Counsel would act as advocates, trial judges would act as judges, and the appellate courts would act within their proper sphere, *reviewing* decisions based upon a complete record.