486 A.2d 456

Karen ELLINGSEN

v.

Charles F. MAGSAMEN, Appellant.

Superior Court of Pennsylvania.

Argued Sept. 18, 1984.

Filed Dec. 28, 1984.

16

Edward R. LeCates, York, for appellant.

Harry M. Ness, York, for appellee.

Before WICKERSHAM, WATKINS and HESTER, JJ.

HESTER, Judge:

This case involves a traditional custodial dispute between the mother and the father of two young children. Rebecca Ann was born on August 24, 1975, and Christopher Scott was born on January 14, 1977. The parties separated on September 20, 1977 and were divorced one year later. Since that time, the children have lived for extended periods of time with each parent and have been "snatched" at various times by the non-custodial parent. The order currently presented for our review awards shared legal and physical custody of the children to both parents, with physical custody of the minors to be retained by the mother during the academic school year, and custody to be transferred to the father during the summer months. Visitation is alternatively provided to the other parent during weekends and holidays. From this decision, the father appeals.

It is apparent from the procedural history and the past custodial arrangements in this case that both parties are concerned, loving parents who each desire very much to reside with their children. The children initially lived with their mother following their parents' separation. The father, who is domiciled in York, Pennsylvania, refused to surrender custody after a period of visitation, and caused the mother to institute legal proceedings to regain her children. By Order of Court dated April 20, 1978, custody of Rebecca and Scott was awarded to their mother with visitation rights granted to the father.[1]

In February of 1981, the father violated the court order and retained custody of the children after a period of visitation. A Petition to Establish Custody was immediately filed by the father and served upon the mother who had moved to Baltimore, Maryland. Having unsuccessfully sought legal redress for the father's unlawful retention of the children, the mother ignored the hearing and planned to simply retain physical custody as soon as practical. The father was, in fact, awarded legal custody with visitation

---

1. The father remarried in April, 1979, and currently resides with his wife and her twin 12 year-old daughters in York, Pennsylvania.

rights vested in the mother, and the mother thereafter refused to return the children after a visit in June of 1981.

Although the father attempted to enforce the court order, the mother had fled her residence and moved with the children about the country. When he discovered their presence in Baltimore during the Christmas holidays, he regained custody of the children.

From January, 1982, until December, 1982, there was little contact between the children and the mother, who spent that year furthering her education so as to enhance her employment prospects. In December, 1982, she filed a Petition for Custody, and was immediately awarded temporary visitation rights. Following a full hearing in June, 1983, the court entered the shared custody award which is the subject of this appeal.

The father, appellant herein, advances two issues for our review. He initially challenges the lower court opinion as lacking a thorough and comprehensive analysis of the record and specific reasons for its ultimate decision. Secondly, he questions whether the lower court's decision serves the best interests of the children. For the reasons that follow, we affirm the Order of the lower court.

■ Appellant is quite correct in his assertion that the trial judge is mandated to develop a complete record and to file a comprehensive opinion detailing the specific reasons relied upon in reaching his decision. This Court has consistently emphasized the unwavering need for the lower court "to conduct a penetrating and comprehensive inquiry in custody matters so as to insure a complete record upon which we can base our review." *Commonwealth ex rel. Bowers v. Widrig,* 318 Pa.Super. 198, 202–03, 464 A.2d 1299, 1301 (1983); *In Re Donna W.,* 325 Pa.Super. 39, 472 A.2d 635 (1984); *In Re Custody of J.S.S.,* 298 Pa.Super. 428, 444 A.2d 1251 (1982). From our reading of the record, we are satisfied that the lower court fully considered and analyzed the salient points of this matter in its opinion.

■ The hearing in the case at bar occurred over a two-day period and encompassed approximately 200 pages of testimony. Nine witnesses testified, including the parties, the maternal grandmother, two elementary school teachers, a social worker, the mother's sister-in-law, the mother's roommate, and the father's present wife. The trial judge also interviewed the children in chambers as to their preference.[2] The record thus contains testimony on the occupations of both parents, their respective living arrangements, their current family ties, the children's socialization skills, and their educational performance. Indeed, appellant does not aver that the record itself is less than complete. Rather, he asserts that the lower court failed to sufficiently analyze the relevant facts included therein.

■ We must disagree. It is clear from the opinion of the trial judge, the Honorable John F. Rauhauser, that he carefully considered this matter and all pertinent testimony adduced at the hearing. In a nine-page opinion, he reviewed the procedural history of this longstanding custody dispute and the testimony proffered by each side explaining their motivation in seeking custody.

The trial judge observed that the mother spent the past year improving her parenting skills at a child development agency and maintains a stable home environment which she shares with another young woman. Together with her parents, who live nearby, she and the children take advantage of the zoos, parks, and museums located in Baltimore. She contended that the children will be able to attend better

2. The children's stated preference was to remain with their father, citing as the primary reasons their large yard, their pony, more friends in York, and less noise than their mother's home in Baltimore. Although the preference of the child is a factor to be considered, it is the responsibility of the trial judge to weight that preference according to the age, intelligence, and maturity of the child. *Commonwealth ex rel. Pierce v. Pierce*, 493 Pa. 292, 426 A.2d 555 (1981). Our review confirms the trial court's determination that the children's preferences lacked a sufficient basis to be accorded controlling weight.

schools in Baltimore, that they enjoy their visits with her, and together comprise a cohesive family unit. Finally, she argued that her children are better situated with her where they need not face a new spouse and other children who, in various ways, express sibling rivalry.

The father similarly asserted that the children were happy when with him, that his home environment in a rural setting offered them more room to grow and play in, and that the children enjoyed the friendship of many children who lived in the area. Finally, he saw no problem between the children and their stepmother, or between them and his stepdaughters.

 Reference was made to home studies submitted by each party,[3] and the trial judge considered his conversations with the children. Most importantly, he weighed the credibility of various witnesses, assigning more credence to those who testified on behalf of the mother. We are satisfied that the trial judge's opinion was comprehensive and fully supported by the record.

We are likewise satisfied that the trial judge's decision served the best interests of the children and should not be reversed. We have recently received guidance from our Supreme Court on the scope of our review in custody matters such as the one at hand. In *Commonwealth ex rel. Robinson v. Robinson*, 505 Pa. 226, 237, 478 A.2d 800, 806 (1984), the Supreme Court held:

> an appellate court is empowered to determine whether the trial court's incontrovertible factual findings support the trial court's factual conclusions, but may not interfere with those conclusions *unless they are unreasonable in*

3. Although appellant claims that the hearing judge committed error by considering an investigative report introduced by appellee when the caseworker was not available for cross-examination, see *Commonwealth ex rel. Bowers v. Widrig*, 318 Pa.Super. 198, 464 A.2d 1299 (1984), appellant raised no objection at the time it was admitted into evidence. Consequently, he cannot now complain that the lower court improperly considered it.

*light of the trial court's factual findings* [,] ... and, thus, represent a gross abuse of discretion...

(citations omitted; emphasis in original).

The trial judge found as a fact that: (1) both parents are fit parents (2) both are sane and capable of making rationale child rearing decisions (3) both have expressed love for their children, and their children for them, and both appear to be willing and able to provide love and care for their children, (4) both desire to have a continuing active involvement in the lives of their children, and (5) both have expressed, in various ways, their willingness and desire to put the interests and welfare of their children above their own.

■ Based upon these findings, the lower court concluded that, in this instance, a joint custody arrangement was warranted whereby both parents shared the decision-making authority regarding their children. To insure frequent and continuing contact with both parents, the trial judge established a program of shared physical custody, with liberal visitation for the non-custodial parent. Clearly, then, the lower court's award cannot be viewed as unreasonable in light of its finding that both parents were fit custodians. Although it would have been more equitable for each parent to retain custody of their children for six months each year, such a solution is simply untenable when the children must be enrolled in school for nine months of the year.

■ Although the father would prefer that the children reside with him during the school year, and he argues that the status quo of the present living arrangements should be maintained, *Harner v. Harner,* 330 Pa.Super. 343, 479 A.2d 583 (1984), we cannot substitute our determination of what constitutes the best interests of the children in the absence of indications that the lower court committed a gross abuse of discretion. As we have already stated, the lower court's decision was fully supported by the record and appears to us to be a just and reasonable answer to the extremely difficult question presented by this case.

Order affirmed.