486 A.2d 453

**Kevin Murray SMITH, Appellant,**

v.

**Tara Ward SMITH.**

Superior Court of Pennsylvania.

Argued Sept. 19, 1984.

Filed Dec. 28, 1984.

Hubert X. Gilroy, Carlisle, for appellant.

Thomas J. Williams III, Carlisle, for appellee.

Before WICKERSHAM, WIEAND and HESTER, JJ.

HESTER, Judge:

In this appeal, we are asked to review an Order of Court, awarding custody of the minor subject of these proceedings, Kevin Murray Smith, Jr., to the mother during the school year and to the father during summer vacation and certain holidays. The father, appellant herein, contends that the lower court erred in finding that the best interests of the child were met by granting custody to the mother during the academic year. In the alternative, appellant argues that the trial judge should have awarded joint custody

whereby the child lived with each parent for six months and attended two different schools each year. We hold that the lower court properly rejected appellant's contention and we affirm the order granting custody to the mother during the period the child attends school.

Kevin, Jr., was born February 16, 1978. The parties resided in Connecticut, Virginia, and finally Carlisle, Pennsylvania, as the father attempted to find permanent employment. In July of 1981, the parties separated and the mother returned to her hometown of Myrtle Beach, South Carolina.[1] A consent Order was entered on July 21, 1982 establishing a shared custody arrangement which provided that custody of the child was divided equally between the parties throughout the year. The Order explicitly recognized that "the child is not now of school age and will not be entering school until the Fall of 1983, at which time some modification may be necessary."

On June 27, 1983, the mother petitioned the court for modification of the custody order, alleging that the child was about to enter school and that the periods of custody permitted to the father during the winter months would interfere with the child's schooling. Following a hearing on August 10, 1983, the court issued a joint custody order whereby the mother was awarded custody of the child throughout the school year and the father received custody during the summer months. Liberal visitation for the non-custodial parent was also provided. The father thereafter pursued this appeal.

Our standard of review in custody cases has recently been clarified by the Pennsylvania Supreme Court in *Commonwealth ex rel. Robinson v. Robinson*, 505 Pa. 226, 478 A.2d 800 (1984). Therein, the Court stated:

an appellate court is empowered to determine whether the trial court's incontrovertible factual findings support the trial court's factual conclusions, but may not interfere with those conclusions *unless they are unreasonable in*

---

1. The parties are now divorced.

*light of the trial court's factual findings*[,] ... and, thus, represent a gross abuse of discretion...

*Id.*, 505 Pa. at 237, 478 A.2d at 806 (citation omitted; emphasis in original). The burden rests upon appellant, and not this Court, to demonstrate that the trial court's decree is manifestly erroneous or constitutes a gross abuse of discretion. *Id.* In the absence of such proof, we must affirm the decision of the trial judge, who has the singular advantage of observing the demeanor of the parties and hearing the testimony of the witnesses.

Initially, the lower court addressed appellant's suggestion that the child's school year be split so that he attended classes for six months in Myrtle Beach and six months in Carlisle. The court reviewed appellant's testimony that, as a son of an Army officer, he moved frequently as he was growing up and that his constant change of schools caused him no harm. However, the trial judge observed that, in appellant's case, he had the benefit of a stable family environment and the automatic friendship and companion-ship of other children in military families.

The trial court agreed with the mother's belief that attending school in the same system for the full school year was in the best interests of the child. In addition to administrative problems which would be posed by appel-lant's proposition, the trial judge cited the extensive litera-ture submitted by both parties on their relative school systems as revealing different teaching materials, methods, and learning paces. Consequently, tracking the child's edu-cational progress would be a complicated process, filled with gaps in one area and overlapping coverage in others.

Having duly considered the many problems inherent in such a program, the trial judge ruled that the need for stability and force of continuity in the child's life out-weighed the ideal of spending precisely equal time with each parent. Therefore, he determined that the child should attend only one school throughout the academic year. This decision having been made, the lower court went

on to determine which parent should have custody of the child during the academic year.

In his excellent 10-page opinion, Judge Hoffer fully and completely reviewed the testimony adduced at trial. The court observed that both parents were fit and loving parents, and constituted sources of great comfort and guidance to their young child. Moreover, the judge noted that both parents enjoyed the support of their parents and extended families in their respective communities. Neither party challenged the other's fitness as a parent and each admits that their son maintains a good relationship with the other.

Thus, the court was faced with an extremely difficult decision as to where to place the child during the greater portion of the calendar year.

After scrutinizing the record, the trial judge ruled that the mother was in a slightly better position to offer the child more continuity and stability of routine than the father. In reaching this decision, he relied upon the fact that the mother had worked at her present job for several years and had regular hours, whereas the father had recently started a new business, requiring long, although flexible, hours. The trial judge considered this fact and held that appellant's flexibility, which the mother did not possess in her job, would enable him to visit his son often. In addition, the mother's family owns several vacation homes in Myrtle Beach, which they have made available to appellant so as facilitate frequent visits. Finally, the factor which tipped the scale in favor of the mother was the spirit of cooperation and freedom from bitterness which the trial judge discerned from his observations of her during the hearing.[2]

■ Our examination of the record reveals no abuse of discretion on the part of the trial judge. His conclusions were reasonable in light of his factual findings and were fully supported by the testimony adduced at trial. Cases

2. The father had written a letter, which was admitted into evidence, directing several derogatory comments at the mother and her upbringing.

such as this, where two loving competent parents each desire to share in the intimate moments of a child's life, are the most emotionally rending matters before our courts today, and would have given Solomon pause. An order of shared custody is often employed in these instances, but cannot truly answer the charge of unequal treatment when the child must perforce reside in one locality during the ten month school year. *Harner v. Harner*, 330 Pa.Super. 343, 479 A.2d 583 (1984); *Ellingsen v. Magsamen*, 337 Pa.Super. 14, 486 A.2d 456 (1984).

The court herein sought to ensure frequent and continuing contact with both parents by drafting a joint custody arrangement, by authorizing frequent visitations by the noncustodial parent throughout the year, and by providing that the parties share in the decision-making process with respect to all matters of major concern. We conclude that the trial court's decision is fully supported by the record and may not be disturbed on appeal.

Order affirmed.