506 A.2d 449

**James BROWN**

v.

**Georgia EASTBURN, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 31, 1985.

Filed March 19, 1986.

Sondra K. Slade, West Chester, for appellant.

A. Thomas Parke, III, West Chester, for appellee.

Before WICKERSHAM, BECK and HOFFMAN, JJ.

BECK, Judge:

This is an appeal from an order awarding equally shared legal and physical custody of a seven year old child to his divorced parents in accordance with Section 5 of the Custody and Grandparent's Visitation Act ("Act"), Act of November 5, 1981, P.L. 322, 23 P.S. § 1005. Appellant-mother contends that the trial court erred in its award because the evidence showed the parties were unable to demonstrate even a minimal degree of cooperation in dealing with the custody and visitation issues pertaining to their child. We find the lower court's conclusion that a shared custody arrangement was warranted to be reasonable and well-supported by the record. *See Commonwealth ex rel. Robinson v. Robinson,* 505 Pa. 226, 478 A.2d 800 (1984). We therefore affirm the trial court's order.

Appellant maintains that the trial court's determination contravenes the guidelines for shared custody set forth by this court in *In re Wesley J.K.,* 299 Pa.Super. 504, 445 A.2d 1243 (1982). In *Wesley* we stated:

A *minimal* degree of cooperation between the natural parents is another important consideration to awarding shared custody.... *This feature does not translate into a requirement that the parents have an amicable relationship.* Although such a positive relationship is preferable, a successful joint custody arrangement re-

quires only that the parents be able to isolate their personal conflicts from their roles as parents and that the children be spared whatever resentments and rancor the parents may harbor.

*Id.* at 1249 (citation omitted; emphasis added).

The trial court awarded shared custody in spite of its reservations concerning the parties' ability to meet the *Wesley* standard for cooperation. (Trial Court opinion at 3). After a careful examination of the record, however, we find that it more than adequately demonstrates the requisite minimal level of parental cooperation.

To begin with, it should be noted that the parties had originally agreed by stipulation to a shared custody arrangement whereby legal custody was divided equally and liberal visitation was afforded to the non-custodial parent. (Record at 86a). Appellant-mother was given physical custody for eleven months a year and appellee-father had physical custody for one month each summer. The parties' willingness to agree to such an arrangement is evidence of their ability to cooperate. *See e.g. Smith v. Smith,* 307 Pa.Super. 544, 453 A.2d 1020, 1025 (1982).

Moreover, despite the litany of complaints recited by both parties in their briefs and at trial, there appears to have been a fair amount of negotiating and compromising in the implementation of the prior custody arrangment. For instance, each parent has on several occasions accepted changes in the custody and visitation schedule to accomodate the needs of his or her ex-spouse. (Record at 184a, 275a, 467a, 538a, 583a). The parties and their new spouses have also met to discuss the custody arrangement and organize the apportionment of holiday time. (Record at 299a, 467a).

In addition, the parties on two separate occasions jointly chose psychologists to aid in the resolution of their custody dispute. (Record at 315a, 375a). Each psychologist recommended an award that would equally divide the legal and physical custody of the child. (Record at 331, 381).

Consequently, although the parties' relationship may not be amicable, we cannot say that they have shown an inability to cooperate to a minimal degree or to isolate their personal conflicts from their role as parents. (Record at 298a).

Accordingly, we affirm the order below.