512 A.2d 715

**Clemente PASCARELLA, Appellant,**

**v.**

**Mary A. PASCARELLA, Appellee.**

Superior Court of Pennsylvania.

Argued May 7, 1986.

Filed July 24, 1986.

Frank M. D'Amore, Philadelphia, for appellant.

Irving Pollack, Philadelphia, for appellee.

Before CIRILLO, President Judge, and WIEAND and OLSZEWSKI, JJ.

WIEAND, Judge:

In this appeal from an order granting a father limited, partial custody of his minor daughters, the father contends that the trial court abused its discretion and committed an error of law when it took into consideration his homosexual relationship with a male roommate. We disagree and affirm the trial court's order.

Clemente Pascarella and Mary Pascarella, husband and wife, were separated on March 17, 1984, when Clemente left the marital home to pursue a homosexual relationship with Anthony Capone. On June 15, 1984, Clemente instituted an action seeking partial custody of his minor daughters, Nicole and Victoria, aged five and two respectively. The trial court, on October 5, 1984, entered a temporary order allowing the father two hour visits with his daughters at the family court nursery on alternating Sundays. After a hearing on June 18, 1985, at which it appeared that the mother had been allowing the girls to visit their paternal grandparents on alternating weekends, the court vacated its earlier order and entered an interim order permitting the father to visit his daughters at his parents' home. On July 10, 1985, the hearing court entered a final order awarding primary and partial custody as follows:

## ORDER

Custody of the children Nicole and Victoria shall be in their mother, Mary A. Pascarella.

Father, Clemente Pascarella, shall have partial custody with his children on alternate weekends from Friday at 6:00 p.m. to Sunday at 6:00 p.m beginning July 19, 1985. This partial custody shall take place at the residence of the father's parents, Marco and Josephine Pascarella; however, these periods shall not be restricted to the grandparents' residence only. Father may spend time with his children outside of their residence to engage in reasonable activities and events with his children so long as it is not in the presence or company of Anthony Capone.

However, the father may not have overnight custody of his children outside of the residence of their paternal grandparents and in no event shall any custody period with the children take place in the presence of Anthony Capone.

Father shall also have a one week period of custody during the summer with preference given to his vacation schedule so as to coincide therewith and under the same conditions and restrictions set forth herein.

The father shall also have custody at any other times that the parties may mutually agree but as herein restricted and he shall have telephone access to his children at all reasonable times and hours.

From this order the father appealed.[1]

Appellant father argues that the trial court erred (1) by concluding that his homosexuality was a relevant considera-

---

1. Appellant failed to comply with an order entered pursuant to Pa.R. App.P. 1925 and directing him to file a concise statement of matters complained of on appeal. Nevertheless, the hearing judge was able to and did prepare a memorandum opinion, and this Court can conduct meaningful review. Therefore, we will consider the issues which appellant has argued on appeal. See: *Commonwealth v. Mathis,* 317 Pa.Super. 362, 367–368, 464 A.2d 362, 365 (1983). See also: *Commonwealth v. Silver,* 499 Pa. 228, 238, 452 A.2d 1328, 1333 (1982); *Commonwealth v. Satchell,* 306 Pa.Super. 364, 370, 452 A.2d 768, 771 (1982).

tion and (2) by presuming that to allow his daughters to visit in his home where he was openly engaged in a homosexual relationship with a male lover would be emotionally disturbing to the children. He also contends that the trial court should not have entered a final order without requiring testimony from disinterested witnesses such as psychologists or social workers.

This Court recently had occasion to consider the effect of a parent's homosexuality on custody issues in *Constant A. v. Paul C.A.*, 344 Pa.Super. 49, 496 A.2d 1 (1985), allocatur granted. There the mother, living openly in a lesbian relationship, had attempted to gain an expansion of shared custody rights to her two children. She contended that the existence of a homosexual relationship should not be considered in a custody determination. Rejecting this argument, the Court held that while "homosexuality per se is not a basis for denying visitation or partial custody to a parent, we do not consider it irrelevant. ... [I]t is a relevant consideration in every custody case to scrutinize the illicit relationship, whether heterosexual or homosexual." *Id.*, 344 Pa.Superior Ct. at 66, 496 A.2d at 9-10. Moreover, the Court said, "there are sufficient social, moral and legal distinctions between the traditional heterosexual family relationship and illicit homosexual relationship to raise the presumption of regularity in favor of the licit, when established, shifting to the illicit, the burden of disproving detriment to the children." *Id.*, 344 Pa.Superior Ct. at 66, 496 A.2d at 10.

The hearing court in the instant case could properly consider the father's homosexual lifestyle when formulating an order awarding partial custody to the father. The court concluded that the two girls "are innocent and impressionable and do not know of nor could they even begin to understand the homosexual relationship of their father. It is inconceivable that they could go into that environment, be exposed to this relationship and not suffer some emotional disturbance, perhaps severe." Trial court opinion at 3. The effect of the father's living openly in a homosexual relation-

ship was a relevant fact, and its effect on the emotional well-being of the children necessarily had to be considered if their best interests were to be served. Indeed, according to the holding of *Constant A. v. Paul C.A., supra,* the burden was upon the father to show that there would be no adverse effect upon the children if they were exposed to his lifestyle and the relationship which he shared openly with his male roommate. The hearing court did not err by limiting appellant's partial custody to times and places where the children would not be introduced to their father's homosexual lifestyle.

The appellant father also challenges the hearing court's order on grounds that the court failed to require testimony from disinterested witnesses. He argues that the hearing court could only conduct a penetrating and comprehensive inquiry by requiring objective testimony from disinterested, impartial witnesses, such as psychiatrists, psychologists or social workers. Because the only testimony before the hearing court was that of the parties, the father's lover, the paternal grandparents, the mother's sister-in-law and the maternal grandmother, appellant argues that the matter should be remanded for additional evidence.

"The requirement for disinterested testimony is a requirement designed to insure that the interests of the children whose custody is at issue are not totally submerged. ... [T]he determination of the necessity of disinterested, or independent testimony should be left to the sound discretion of the trial court. ..." *Commonwealth ex rel. Robinson v. Robinson,* 505 Pa. 226, 235, 478 A.2d 800, 805 (1984). An appellate court will not reverse the trial court's determination unless the proceedings between the parents were so bitter that the children's interests were not accorded adequate weight. *Id.* In this case there is no basis for concluding that the interests of Nicole and Victoria were submerged or inadequately addressed by the hearing court. There is no need to remand for the taking of additional, disinterested testimony.

Finally, appellant objects to the trial court's findings (1) that he had sought visitation so that his boyfriend could become familiar with the girls and (2) that he had only visited the girls three times at his parents' home. Appellant's first objection is not well taken. There was evidence of a statement made by him that he wanted visitation so that his boyfriend could get to know the girls. Similarly, the record of the hearing on June 18, 1985 suggests that after appellant learned that his children were visiting his parents he arranged to visit with them at his parents' home on three occasions. Although appellant had visited his daughters more than three times under the court's temporary order of October 5, 1984, this fact alone does not require a remand for reconsideration. The trial judge's final order of limited, partial custody was based upon his perception of the best interests of the children, and we are unable to find therein an abuse of discretion.

Order affirmed.