602 A.2d 1380

**Joan BERNARD, Appellee,**

v.

**James Arthur GREEN, Appellant.**

Superior Court of Pennsylvania.

Argued March 7, 1990.

Filed March 27, 1990.

Susan V. Edwards, Philadelphia, for appellant.

Elaine Smith, Philadelphia, for appellee.

Before McEWEN, MONTEMURO and CERCONE, JJ.

MONTEMURO, Judge:

This is an appeal from an order awarding sole legal and primary physical custody of the parties' minor child, their daughter Samantha, to appellee.

The parties to this action are both British subjects. They were married in England in 1983, and relocated to the Philadelphia area in 1985 when their child was one year old. Separation occurred in December, 1987, when appellee left the marital residence, taking the child with her. Both parties filed for custody in January of 1988, but were able to agree upon a joint custody schedule which remained in force until the time of hearing, March of 1989. Disruption of the arrangement, and hence the decision of the court, were precipitated by appellee's acceptance of a new position in her company which would require her return to the United Kingdom, a journey which had been planned for April of 1989.

In awarding appellee both primary physical and legal custody, with liberal partial custody in appellant, the trial court found that although both parents were fit, appellee's arrangements for the child's care and education in England were more substantial, and therefore more conducive to the child's stability than appellant's, which were described as speculative and uncertain. Appellee had a house, rented for her by her employer, awaiting her in a suburb of London, had selected a school, and had arranged for the child's nanny to accompany them to England for a transition period, to avoid, insofar as was possible, disrupting the child's routine. Appellant, on the other hand, had placed the marital home up for sale, but had not selected a new residence, had made no plans for child care or schooling, and was unable to state with certainty whether his current relationship would eventuate in marriage. In addition the court noted that the families of both parties are in England,

and that neither party had ever intended to remain permanently in the United States. Moreover, the child was being brought up according to British customs, a plan best realized in Britain. Finally, the court determined that the same geographical division which made shared physical custody impracticable also mitigated against an award of shared legal custody. An order expressive of these findings was entered, and this appeal followed.

Appellant has presented us with four issues. All, however, merely challenge from various perspectives the trial court's discretion in granting sole legal custody and primary physical custody to appellee, and argue that this disposition is not supported by the evidence as being in the best interests of the child.

We first note the premises on which our examination of this case depends.

> Our scope of review in child custody cases is broad but we may only interfere with the decisions of the hearing judge where there has been a gross abuse of discretion. *Lombardo v. Lombardo*, 515 Pa. 139., 527 A.2d 525 (1987). We are empowered to determine whether the hearing court's factual findings are supported by competent evidence and whether the court's conclusions are reasonable in light of its factual findings. *Id.* Moreover, it is axiomatic that in any child custody case, the paramount consideration is the best interest and welfare of the child. All other considerations are deemed subordinate to the child's physical, intellectual, moral and spiritual well-being. *Michael T.L. v. Marilyn J.L.*, 363 Pa. Super. 42, 525 A.2d 414 (1987); *Beers v. Beers*, 342 Pa. Super. 465, 493 A.2d 116 (1985).

*Fisher v. Fisher*, 370 Pa.Super. 87, 89, 535 A.2d 1163, 1165 (1988).

■ Appellant first assigns error to the trial court's conclusion that the parties would be unable "to implement shared decision making responsibilities" (T.C.O. at 4) given the physical distance separating them. It is settled that the trial court bears the burden of awarding custody of a child

to the parent who has proven his or her own superiority by a preponderance of competent evidence, *Murphey v. Hatala*, 350 Pa.Super. 433, 504 A.2d 917 (1986). Herein, however, the decision to award sole legal custody to appellee was made on the basis of distance alone, the court having found both parents equally fit. This court has stated in *In re Wesley J.K.*, 299 Pa.Super. 504, 517 n. 10, 445 A.2d 1243, 1249 n. 10 (1982), that geographical proximity is largely gratuitous to the success of a shared "legal" custody situation, as major decisions can be effectuated by telephone. Given the ability of appellant and appellee heretofore to resolve their differences in dealing with their child's life, we see no reason to alter this habit, and thereby disenfranchise appellant, when the parties meet the criteria established for shared custody situations:

1) both parents are "fit"; 2) both desire continuing involvement with their child; 3) both parents are seen by the child as sources of security and love; 4) both parents are able to communicate and cooperate in promoting the child's best interests.

*In re Wesley J.K.* at 517, 445 A.2d 1243; *see also, Fisher v. Fisher*, 370 Pa.Super. 87, 535 A.2d 1163 (1988).

We therefore find that the decision to award sole legal custody to appellee on the basis of geography alone ignores the child's best interests, and constitutes an abuse of discretion sufficient to warrant reversal.

■ However, with respect to its award to appellee of primary physical custody, we find, despite appellant's arguments to the contrary, the trial court's decision to be fully supported by the evidence. While we do not in any way disparage or denigrate appellant's care or concern for his daughter, his situation at the time of hearing was less well constructed to focus upon the child's best interests, given his lack of concrete plans concerning living space, education or child care. Even recognizing that some of these deficiencies might be attributed to the uncertainty of the custody situation, appellant had no contingency plan to implement. To further complicate the formulation of such a plan, appel-

lant was to have begun a new job with a new company the following week. Whatever arrangements appellant would have been able to make, the range of alterations necessitated by his changing circumstances militate against his argument that an award of custody to him would prove less disruptive to the child. The situation of these parties would necessarily involve radical changes in the child's life regardless of who obtained primary custody. We find that the trial court properly weighed all of these factors in its deliberations.

Order affirmed as to primary physical custody, and reversed as to legal custody. Case remanded for further proceedings consistent with this memorandum. Jurisdiction is relinquished.