577 A.2d 218

**Debra D. BOYLAN, Appellee,**

v.

**Patrick C. BOYLAN, Appellant.**

Superior Court of Pennsylvania.

Argued May 1, 1990.

Decided July 18, 1990.

Neil Hurowitz, King of Prussia, for appellant.

John Joseph Grenko, Reading, for appellee.

Before DEL SOLE, JOHNSON and HOFFMAN, JJ.

DEL SOLE, Judge:

This is an appeal from a trial court order directing that the parties share joint legal custody of their four minor children and that Appellee-mother be awarded primary physical custody of these children subject to Appellant-father's rights of visitation and partial custody. Father takes this appeal contesting this ruling on three distinct grounds. He contends that the court neglected to apply requisite consideration to the religious upbringing and training of the children, and to the stability and environment he could offer the children. He makes further objections regarding the mother's initial obtainment of custody in an emergency petition and the delay which occurred prior to the trial of this matter.

In reviewing a custody order we remain mindful of certain basic principles. The scope of review to be applied by appellate courts in custody cases is very broad. However, this broad scope of review should not be construed as providing this court with a license to nullify the fact-finding functions of the trial court. *Albright v. Com. ex rel. Fetters*, 491 Pa. 320, 421 A.2d 157 (1980). An appellate court is empowered to determine whether the trial court's incontrovertible factual findings support the trial court's conclusions. But this court may not interfere with those conclusions unless they are unreasonable in light of the factual findings and, thus, represent a gross abuse of discretion. *Jones v. Stone*, 343 Pa.Super. 416, 495 A.2d 205 (1985). Finally, in an appeal from a custody award we must recall that the paramount consideration in custody cases between two parents is the best interest and welfare of the

children. *Com. ex rel. Robinson v. Robinson,* 505 Pa. 226, 478 A.2d 800 (1984).

■ Appellant's first challenge to the trial court's award is grounded on the religious education and development of the children. He contends that the court erred in failing to place primary physical custody of the children with him, since he is the parent of the same religious faith as the children. Appellant submits that the evidence at trial indicated that the parties agreed to raise their children in the Catholic faith. The children were baptized Catholic, attended Catholic schools, if school age, and attended Catholic services regularly. After separation the mother began to take the children to a Methodist church for Sunday service, while the father would take the children to the Catholic church during his periods of physical custody.

At trial Appellant offered the testimony of a Catholic priest who opined that the children's attendance at churches of two different faiths could lead to confusion and was unacceptable in the Catholic faith. Appellant suggests that the trial court erred when it failed to consider this evidence and the potentially damaging impact on the children caused by a disruption in their religious development.

We disagree with the Appellant's contention that the court failed to consider this issue. The court specifically acknowledged the children's Catholic upbringing prior to the parties' separation. The court even stated that "this religious anchoring appears to be of significant consequence in their lives." However despite the fact that the mother had failed to continue this training and had begun to expose the children to a different faith, the court found that physical custody of the children should remain with the mother.

Although religion is an important matter and should be given some consideration in child custody matters, it is not determinative. *Rinehimer v. Rinehimer,* 336 Pa.Super. 446, 485 A.2d 1166 (1984). In this case the court considered the children's religious background but correctly did not

make this one factor alter what it believed to be in the children's best interest—to remain in their mother's custody. The only matter before us, regarding the religious training of the children, concerns whether Appellant should be awarded custody because he is of the same faith in which his children have been reared up to the present time. As we have stated, this single factor should not be determinative. The trial court advised the parties to "work out some arrangement concerning the children's religious training" for the children's sake, and we too echo this advice. As this court has stated: "Generally where both parents demonstrate a desire to promote the religious education of the child, each in his or her own faith, the court shall assume a neutral stance as to the issue." *Rinehimer v. Rinehimer, supra.*

■ Appellant also objects to the custody order based upon his belief that the record indicates that he would provide the children with a more stable home environment. Appellant points to the fact that the mother has moved the children on three occasions, that the children now reside with their mother nearly 60 miles from the original family home and the children's familiar friends and neighborhood surroundings and that the mother's residence is only a two bedroom, one bath home while his home is a three bedroom, one and one-half bath home.

While it is true that stability is a factor in a custody decision, *Bresnock v. Bresnock*, 346 Pa.Super. 563, 500 A.2d 91 (1985), the trial court did not overlook this factor. The trial court acknowledged that mother moved the children and noted that the first move, out of the marital home to the children's aunt's home for one week, was more in the nature of a visit. The second move was dictated by necessity when the residence was sold. The court did not view these moves with disfavor and further concluded that the new residence although "not as sumptuous as [father's] residence, is actually quite nice and certainly more than adequate for the needs of the children."

■ The court also acknowledged that the children would be undergoing a change in their physical environment, however, it was the court's belief that they should reside with the parent with whom they had their primary emotional bonding. Since the mother had been the primary caretaker throughout the children's lives and since the father worked long hours, including most evenings and Saturdays, the children had forged an strong emotional tie to their mother. It was certainly proper for the court to give positive consideration to the parent who has been the primary caretaker of the children. *Haag v. Haag*, 336 Pa.Super. 491, 485 A.2d 1189 (1984). "Courts have long recognized the importance of a continuing and stable custodial relationship with a parent which satisfactorily serves the child's needs." *Fisher v. Fisher*, 370 Pa.Super. 87, 92, 535 A.2d 1163 (1988). The trial court noted that the children were happy in their new home "and appeared to be thriving; their school grades were better than ever before."

■ The trial court also based its determination by considering the preference of the children, who each stated that they would prefer to reside with their mother. Each child gave specific reasons why they wished to remain with their mother and the trial court stated that it was impressed by the children's "candor, reasoning, and obvious intelligence." The trial court properly recognized that the children's wishes would not be controlling but did afford them considerable weight under the circumstances. Since the weight to be given a child's preference is to be determined by the trial judge who sees and hears the child and since this determination depends upon the age, maturity and intelligence of the child, we find no error with the trial court's consideration of this testimony. *Snarski v. Krincek*, 372 Pa.Super. 58, 538 A.2d 1348 (1988).

Finally Appellant asserts that he was denied due process of law when the mother was awarded temporary custody of the children as a result of a emergency petition which made false allegations. He maintains that as a result of this order the children were able to become dependent upon

their mother during this period of time until the trial, 16 months later.

We decline to address the merits of mother's emergency petition since this is an appeal from the final custody order. We do note, however, that the trial court did not focus on the children's attachment to their mother during the last 16 months in making its award; rather, the court recognized that the children had a strong emotional bond with their mother who was their primary caretaker since birth.

We find adequate support for the trial courts ruling in this matter and we affirm its custody order.

Order affirmed.