454 A.2d 130

**Susan Raye WALKER**

v.

**Joel WALKER, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 2, 1980.

Filed Dec. 30, 1982.

Arthur L. Jenkins, Jr., Norristown, for appellant.

Michael Silberman, Blue Bell, for appellee.

Before PRICE, WATKINS and MONTGOMERY, JJ.

PRICE, Judge:

This appeal concerns the confirmation of an arbitration award dealing with matters of child custody and child support under the terms of a separation agreement. For the following reasons, we remand the case for the filing of a more comprehensive opinion by the court below.

In June of 1978, appellant, Joel Walker, and appellee, Susan Raye Walker, now divorced, executed a separation agreement. The agreement provided, inter alia, that the parties were to have joint custody of their two minor

children, each parent having equal time with each child, and that Mr. Walker was to pay Mrs. Walker the sum of $240.00 per month for the care, support, and maintenance of their children. The agreement also included a provision for the arbitration of any dispute relating to the custody and support provisions therein "as distinguished from a Petition for Habeas Corpus or confirmation of custody." (R. 43a).

The children apparently began to spend more than one half of their time with their father, and in December of 1978, Mr. Walker paid Mrs. Walker only $120.00 for the month, based upon the average number of days that the children had been spending with her. Mrs. Walker objected to appellant's conduct, and the dispute was submitted to the arbitrator named in their agreement.

On January 4, 1979, the arbitrator rendered his decision. He determined that "Mr. Walker should affirmatively encourage the children to spend an equal time with both parents and Mr. Walker should make support payments of $240.00 per month." (R. 52a). Appellee filed a Petition To Confirm And Enforce The Arbitration Award, and a hearing was held in the Court of Common Pleas of Montgomery County on May 31, 1979. Prior to the hearing, appellant filed preliminary objections, challenging the jurisdiction of the court.

On July 3, 1979, the court below dismissed appellant's preliminary objections and confirmed the award of the arbitrator in its entirety. Under the terms of the court's July 3 order, Mr. Walker was enjoined from "interfering with [Mrs. Walker's] right of joint custody of the minor children" and ordered to pay child support as set forth in the separation agreement. The parties were also ordered to formulate a schedule for custody monthly per their agreement. Order of July 3, 1979, No. 79–09216.

Appellant filed exceptions to this order. After the exceptions were filed, but prior to argument thereon, the court held a hearing on a "Petition for Contempt, or, in the Alternative, for Custody" filed by Mrs. Walker pursuant to the order of July 3. On November 29, 1979, after hearing

the testimony of the parties and of their children, the court, pending further hearing, awarded custody of the children to Mr. Walker. Mrs. Walker was granted specific visitation rights, whereby she was to have the children essentially on alternate weekends.

On December 20, 1979, appellant's exceptions were dismissed by the court en banc, and the order of July 3 reconfirmed. This appeal followed. The conflict between the order of July 3 (and the award of the arbitrator confirmed therein) with the court's order of November 29, granting custody to appellant and specific limited visitation to appellee, compels our remand.

■ The court was, of course, not bound by the parties' agreement with respect to custody. Contracts as to the custody of minor children are always subject to being set aside in the best interests of the child. *Commonwealth ex rel Children's Society v. Gard*, 362 Pa. 85, 66 A.2d 300 (1949); *Commonwealth ex rel Veihdeffer v. Veihdeffer*, 235 Pa.Superior Ct. 447, 344 A.2d 613 (1975). Here, however, it is not clear what the court below intended. The order of July 3 enjoined Mr. Walker from "interfering with [Mrs. Walker's] right of joint custody" and contemplated a visitation schedule set up by the parties on an equal time basis, and thus is in direct conflict with the order of November 29. We suspect that the decision to award custody to Mr. Walker was based upon a determination of the best interests of the children, but no discussion of the basis for this decision appears in the opinion of the court.

■ We cannot proceed to dispose of this appeal challenging the confirmation of the arbitrator's award without the benefit of the reasoning of the court below in granting custody to Mr. Walker and its analysis of the relationship between this custody decision and the arbitration award. We note that when Mr. Walker was granted custody, an evidentiary hearing was scheduled for June 4, 1980 on the progress of custody. On remand, we direct the court below

to apprise us of any developments which may have occurred since this appeal was taken.

This case is remanded for a comprehensive opinion as to the basis of the custody determination of November 29, 1979 and its relationship to the arbitration award. Jurisdiction is not retained.