595 A.2d 1147

**Lynne ALTUS–BAUMHOR**

v.

**Larry BAUMHOR, Appellant.**

Superior Court of Pennsylvania.

Argued June 13, 1991.

Filed July 16, 1991.

Reargument Denied Sept. 26, 1991.

Larry Baumhor, pro se.

Carolyn O'Garro–Moore, Philadelphia, for appellee.

Before MONTEMURO, BECK and CERCONE, JJ.

MONTEMURO, Judge:

This is an appeal from an order altering the schedule by which the parties have custody of their minor child.

The parties were married in March of 1984, and separated in July of 1987, when their son was two and a half years old. An order was entered by agreement awarding appellee primary physical custody of the child, with partial custody in appellant to be exercised two nights each week, and every weekend. The schedule did not vary to account for special holiday or vacation periods. Both parties petitioned for modification of the order, and after hearing, the order now appealed from was entered, granting appellee primary custody of the child, with appellant receiving partial custody one evening a week, alternate weekends and holidays, and four weeks during the summer.[1] This appeal followed.

Appellant has advanced four issues for our consideration, asserting various errors in the trial court's assessment of the facts and circumstances of the case, and aimed at achieving a return to an approximation of the original schedule, but with the addition of established vacation and holiday times. However, in custody matters, as all parties agree, the primary consideration is the best interests of the child. In deciding whether this overriding concern has been properly addressed,

> In an appeal of a child custody determination made by a trial court, the paramount concern must be the best interest of the child. In reviewing a custody order, we are not bound by findings of fact made by the trial court which are unsupported in the record, nor are we bound by the court's inferences drawn from the facts. *Commonwealth ex rel Spriggs v. Carson*, 470 Pa. 290, 294–5, 368 A.2d 635, 637 (1977). However, on issues of credibility and weight of the evidence, we defer to the findings of the trial judge, who has had the opportunity to observe the proceedings and the demeanor of the witnesses. *Id.,*

1. Appellant notes that he only requested two weeks vacation time with his son.

470 Pa. at 295, 368 A.2d at 637. Only where we find that the custody order is "manifestly unreasonable as shown by the evidence of the record ..." will an appellate court interfere with the trial court's determination. *Murphey v. Hatala*, 350 Pa.Super. 433, 439, 504 A.2d 917, 920 (1986), *appeal denied*, 516 Pa. 634, 533 A.2d 93 (1987), citing *Mielcuszny v. Rosol*, 317 Pa. 91, 176 A. 236 (1934); *Commonwealth ex rel Berman v. Berman*, 289 Pa.Super. 91, 432 A.2d 1066 (1981). Therefore, unless the trial court's ruling represents a gross abuse of discretion, we will not interfere with an order awarding custody. *Commonwealth ex rel. Rainford v. Cirillo*, 222 Pa.Super. 591, 597–98, 296 A.2d 838, 841 (1972), quoted in *Lombardo v. Lombardo*, 515 Pa. 139, 148, 527 A.2d 525, 529 (1987).

*Mumma v. Mumma*, 380 Pa.Super. 18, 21, 550 A.2d 1341, 1343 (1988). *See also, Karis v. Karis*, 518 Pa. 601, 544 A.2d 1328 (1988); *Commonwealth ex rel Robinson v. Robinson*, 505 Pa. 226, 478 A.2d 800 (1984).

■ Moreover, as the trial court points out, the court may inquire into the best interests of the child irrespective of whether a substantial change in circumstances has been demonstrated. *Karis, supra*.

■ In his first three claims, appellant posits essentially the same argument, that any alteration to the existing schedule, except the inclusion of specified holidays and vacations, would serve to interfere with the relationship he has established with his son, and is therefore an abuse of the trial court's discretion.[2] This claim is accompanied by a litany, repeated in support of every claim, of the actions he has taken to provide the boy with appropriate care.

**2.** As part of his argument, appellant accuses the court of sex discrimination, and violations of the public policy of the Commonwealth, as well as the fundamental liberty interest protected by the Fourteenth Amendment. He also claims that in altering the custody arrangement, the trial court has reinstituted the now discredited tender years doctrine. We are unpersuaded by any of these charges, as the record is devoid of any matter supportive of them. Accordingly, they may be disposed of summarily.

However, despite appellant's argument that the new order is punitive, the trial court found both parents to be fit, loving and attentive to their son's needs. There is no question raised by either party that the other represents a threat to the child's continued well-being, or that custody changes were warranted by ill treatment or neglect. Rather, the trial court found that while the arrangement had in the past inured to the child's benefit, his needs as he grew older and began more involvement in school and other activities, had already, and would continue to change in ways which would render the constant shifting called for by the schedule no longer workable. It was concluded that shuttling the boy back and forth each day between his parents would become more and more disruptive, confusing and eventually detrimental.

The facts of this case bear a striking resemblance to those in *Mumma v. Mumma, supra.* There, a panel of this court found that the public policy which promotes the parent child relationship does not dictate that physical custody of the child be divided equally between the parents. The boy in *Mumma* had been on a schedule which required him to shift households on a weekly basis. The court determined that this peripatetic existence lacked the stability and predictability necessary for the child's continued development, although prior to his entering school the arrangement was not seen as harmful. Moreover, the parents were unable to cooperate in shared custody and, as in the instant case, on one occasion the police had been called to effectuate a custody exchange.

Appellant's own custody petition was in fact prompted by the parties' documented inability to agree consistently on custody during holiday and vacation times. Further, appellee has been deprived of any extended contact with her son during the week or on weekends, the motive for her petition. As to her, the previous arrangement did represent a disruption of her relationship with her son, in violation of that public policy to which appellant resorts. *See, Schwarcz v. Schwarcz,* 378 Pa.Super. 170, 548 A.2d 556

(1988) (Every parent has the right to develop a good relationship with the child, and every child has the right to develop a good relationship with both parents.) The new schedule, despite appellant's claims, merely establishes joint custody in a more equitable way. The trial court noted that custody had been geared entirely to appellant's own schedule of school and work, and that appellant had avoided full time employment to maintain the status quo, thus deliberately limiting his ability to provide financial support. We find no abuse of discretion in the trial court's assessment of the parties' situations, and in the steps taken to rectify the errors of the previous custody schedule.

Next, appellant asserts that the trial court's in camera examination of the child was intimidating, threatening and coercive. He further contends that the trial court abused its discretion by failing to accede to the preferences of a seven year old, and, not incidentally, to appellant's as well, when altering the custody schedule.

In support of what would be outrageous behavior, had it in fact occurred, appellant strings together phrases taken out of context from questions directed at the child by the trial court during the in camera interview. He then presents these remarks to us, without citation to the record, as proof that his child had been mistreated. We would remind appellant that we too have access to the transcript, and that his accusations in no way reflect actual events.

Insofar as the court's failure to be guided by the child's preferences is concerned, as appellant himself points out, such preferences are not controlling, *Ellingsen v. Magsamen,* 337 Pa.Super. 14, 486 A.2d 456 (1984), particularly where the situation for which the child has expressed a desire was determined not to be in his best interests. Moreover, the boy's preference was accompanied by no explanation such as occurred in *Commonwealth v. Barbara M. v. Joseph M.,* 286 Pa.Super. 51, 428 A.2d 567 (1981), the case relied upon by appellant. *See, Commonwealth ex rel E.H.T. v. R.E.T.,* 285 Pa.Super. 444, 427 A.2d 1370 (1981). Like the court in *E.H.T.,* we are satisfied that the child's

preferences, despite being overruled, were nevertheless considered.

For the foregoing reasons, we find no abuse of discretion in the trial court's disposition of this matter.

Order affirmed.