645 A.2d 836

**Robert D. ROBINSON, Appellant,**

v.

**Rochelle L. ROBINSON, Appellee.**

Supreme Court of Pennsylvania.

Argued March 8, 1994.

Decided Aug. 2, 1994.

54

Mary Lyn Drewitz, Washington, for appellant.

David F. Pollock, Waynesburg, for appellee.

Before NIX, C.J., and FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY, CASTILLE and MONTEMURO, JJ.

## *OPINION*

NIX, Chief Justice.

Appellant, Robert D. Robinson, appeals from the Order of the Superior Court reversing the Order of the Court of Common Pleas. The Superior Court found that the trial court erred by choosing Mr. Robinson instead of Appellee, Mrs. Rochelle L. Robinson, as the primary custodian when it found that both parents were equally capable of assuming primary custody of their child Robert William Robinson ("Bobby"). The issue before us is whether the Superior Court misapprehended the scope of appellate review as established in *Mumma v. Mumma*, 380 Pa.Super. 18, 550 A.2d 1341 (1988), *appeal denied*, 524 Pa. 629, 574 A.2d 70 (1990). Upon review, we reverse.

Mr. and Mrs. Robinson married in 1985 and one child, Bobby, was born in 1986. They separated in 1989. On April 19th of that year, Mr. Robinson filed a petition for custody. Subsequently, in May 1989, by agreement of the parties to share legal custody of Bobby, physical custody was awarded on a rotating basis with five days to the mother, three days to the father, and holidays divided on a rotating schedule. The Robinsons were divorced on May 3, 1990.

Mrs. Robinson remarried in July 1991, and filed a petition requesting that the custody agreement be modified. Both parties entered into an interim custody agreement, and Bobby, who had moved to South Carolina with Mrs. Robinson, returned to Pennsylvania to live with Mr. Robinson until a

scheduled conference before a hearing officer on September 18, 1991. Following the conference, Mrs. Robinson was awarded primary physical custody, and Mr. Robinson was awarded custody during the summer. Thereafter, Mrs. Robinson moved Bobby to Florida to live with her and her new husband.

Mr. Robinson requested and was granted a hearing *de novo* from the hearing officer's award. After the hearing on November 1, 1991, the trial court awarded shared legal and physical custody, which gave Mr. Robinson primary physical custody during the school year and Mrs. Robinson custody throughout the summer and various holidays. *Robinson v. Robinson*, No. 209 A.D.1989 (C.P. Greene County Nov. 1, 1991). Mrs. Robinson appealed this decision to the Superior Court.

The Superior Court found that the trial court erred by naming Mr. Robinson as the primary custodian. *Robinson v. Robinson*, No. 2101 Pittsburgh 1991 (Pa.Super. Oct. 15, 1992). It also concluded that the trial court's decision was not in Bobby's best interest and buttressed its position by finding that Bobby's mother would have more time to spend with him. *Id.* at 5. The Superior Court reversed, remanded, and ordered the trial court to enter an order granting primary physical custody to Mrs. Robinson. *Id.* at 6.

Mr. Robinson appealed to this Court. We granted allocatur limited to whether the Superior Court misapprehended the scope of appellate review as established in its decision in *Mumma v. Mumma*, 380 Pa.Super. 18, 550 A.2d 1341 (1988), *appeal denied*, 524 Pa. 629, 574 A.2d 70 (1990).

The scope of appellate review as stated in *Mumma* is as follows:

In reviewing a custody order, [an appellate court is] not bound by findings of fact made by the trial court which are unsupported in the record, nor [is it] bound by the court's inferences drawn from the facts. However, on issues of credibility and weight of the evidence, [an appellate court] defer[s] to the findings of the trial judge, who has had the

opportunity to observe the proceedings and the demeanor of the witnesses. Only where [it] find[s] that the custody order is "manifestly unreasonable as shown by the evidence of record . . ." will an appellate court interfere with the trial court's determination. Therefore, unless the trial court's ruling represents a gross abuse of discretion, [an appellate court] will not interfere with its order awarding custody.

*Id.* 380 Pa.Super. at 21, 550 A.2d at 1343 (citations omitted).

■ The Order of the trial court awarded custody of Bobby to his father during the school year and to his mother, who at the time resided in Florida with her new husband, during the summer months. Based on our review of the record, we find that the trial court did not commit a gross abuse of discretion.

We must first determine whether the findings of fact made by the trial court were supported by the record. Upon review of the testimony given at the hearing held by the Court of Common Pleas, we conclude that the findings of fact were supported by the record. Our examination of the record reveals that there was sufficient evidence to support the trial judge's conclusion that Mr. Robinson should be awarded primary custody.

"[T]he ultimate issue in a custody contest between parents is that of whether the best interest of the child lie in granting custody to one parent or the other." *Commonwealth ex rel. Robinson v. Robinson,* 505 Pa. 226, 233, 478 A.2d 800, 804 (1984). It is apparent from its reasoning that the trial court considered Bobby's best interest when it formed the custody order. The trial court considered various factors in its decision to award primary custody to Mr. Robinson. These factors included: Bobby's affection for both parents and both sets of grandparents; evidence presented at the hearing which indicated that Mr. Robinson would be more willing than Mrs. Robinson to encourage frequent and continuing contact between both parents and the rest of the immediate family; and the willingness and availability of Mr. Robinson's family to care for Bobby while Mr. Robinson worked. Based on these

considerations, we find no indication that the trial court's custody order was unsupported by the record.

█ Additionally, appellate interference is allowed only where it is found that the custody order is manifestly unreasonable as shown by the evidence of record. On issues of credibility and weight of the evidence, appellate courts must defer to the findings of the trial judge who has had the opportunity to observe the proceedings and the demeanor of the witnesses. *Holtz Will*, 422 Pa. 540, 547, 222 A.2d 885, 889 (1966). Here, the trial judge observed the proceedings and the demeanor of ten witnesses. As a result of the proceedings, the trial judge was convinced that Mr. Robinson deserved custody of Bobby, and we find no evidence that his decision was manifestly unreasonable.

Mrs. Robinson argues that the trial court abused its discretion in awarding primary custody to Mr. Robinson. She submits that her unemployed status would allow her to be available to care for the child all day and that this factor alone should warrant her receiving primary custody of Bobby. We disagree.

█ As stated above, the trial court weighed many factors in reaching its conclusion. The parties cannot dictate the amount of weight the trial court places on evidence. Rather, the paramount concern of the trial court is the best interest of the child. Appellate interference is unwarranted if the trial court's consideration of the best interest of the child was careful and thorough, and we are unable to find any abuse of discretion. *Mumma v. Mumma*, 380 Pa.Super. at 23, 550 A.2d at 1344. We therefore conclude that the Superior Court has misapprehended the proper scope of appellate review.

Accordingly, we reverse the Order of the Superior Court and reinstate the Order of the Court of Common Pleas.

MONTEMURO, J., is sitting by designation as Senior Justice pursuant to Judicial Assignment Docket No. 94 R1801, due to the unavailability of LARSEN, J., see No. 127 Judicial Administration Docket No. 1, filed October 28, 1993.