J-A02045-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| S.B., | : | IN THE SUPERIOR COURT OF |
| Appellant | : | PENNSYLVANIA |
| | : | |
| v. | : | No. 2417 EDA 2014 |
| | : | |
| R.B., Jr. | : | |

Appeal from the Order Entered August 11, 2014
in the Court of Common Pleas of Pike County
Civil Division, at No. 1278 of 2012

BEFORE: PANELLA, J., LAZARUS, J., and WECHT, J.

MEMORANDUM BY PANELLA, J.                    **FILED MARCH 20, 2015**

S.B. (Mother) appeals the order of the Court of Common Pleas of Pike County entered August 11, 2014, that awards primary physical custody of her sons, R.B., born in December 2006, and T.B., born in April 2009 (Children), to their father, R.B., Jr. (Father), and permits Father to relocate the Children to Illinois. The order awards Mother partial physical custody and a schedule of visitation. The parties share legal custody. We affirm.

The parties separated in June 2012 when Father returned to his hometown of Wheaton, Illinois. Mother remained in the marital residence in Greentown, Pike County, with the Children. Mother filed a complaint in divorce on June 19, 2012, that included a count for custody. Father filed a counter-claim, in which he sought primary physical custody of the Children, and the right to relocate them to Illinois.

The parties stipulated to an interim custody agreement in August 2012 by which Mother exercised primary physical custody of the Children, and Father exercised partial physical custody. They shared legal custody.

The trial court held a hearing on the issue of custody on April 25 and 26, 2013, and, on May 31, 2013, entered an order awarding shared legal custody to the parties, primary physical custody to Mother, and partial physical custody to Father.

In entering the May 2013 order, the trial court adopted the recommendations of licensed child psychologist Judith A. Munoz, M.A., of Pocono Psychological Services, who conducted a custody evaluation of Mother, Father, the Children, and the Children's paternal grandparents in March 2013. Ms. Munoz testified at the April 2013 hearing in support of the recommendations set forth in her report. In addition to a partial physical custody schedule for Father, Ms. Munoz testified that Mother should permit and encourage Father to be more involved in the Children's lives and that Mother should do that through better co-parenting.

Under the terms of the May 31, 2013, order, Father's first period of partial physical custody was to start in Illinois on June 15, 2013, and continue to July 14, 2013. On June 5, 2013, however, Mother filed an emergency motion to modify and decrease Father's custody for the summer of 2013. The trial court denied the motion.

On June 14, 2013, Mother filed a motion to suspend Father's summer custody that was to begin on the next day. Mother claimed in her motion that R.B. had told his counselor that Father had engaged him in inappropriate sexual behavior. The alleged abuse had occurred in December 2012. The trial court denied Mother's motion in an order dated June 20, 2013.

Susan Thompson, a licensed professional counselor and outpatient therapist at Friendship House in Honesdale, Pennsylvania, reported R.B.'s statements to ChildLine. The Department of Children and Family Services (DCFS) of DuPage County, Illinois, investigated the allegations and determined that they were unfounded.

On August 19, 2013, Mother filed a motion to suspend Father's visitation in Illinois pending completion of home studies and background checks on all the members of Father's household. In August 2013, DCFS received another report from Mother alleging that Father had abused R.B. This report arrived as the parties were discussing Father's plans to spend a weekend in Pennsylvania with the Children that September. DCFS investigated and determined that the allegations were, again, unfounded.

On September 6, 2013, Father filed a motion to modify the custody order of May 31, 2013, in which he averred that Mother was initiating false claims that he was sexually abusing the Children and that she was otherwise

obstructing his custodial rights and his relationship with the Children. He also alleged that Mother refused to co-parent.

Lackawanna County Children and Youth Services (LCCYS) received a report of alleged sexual abuse of R.B. by Father on December 24, 2013, after Father had traveled to Pennsylvania for his period of Christmas holiday custody of the Children. As a result, Father was forbidden to have contact with the Children for sixty days. LCCYS investigated the report and determined, on February 18, 2014, that it was, yet again, unfounded.

In February 2014, Mother's 19-year old nephew filed a report in which he alleged that Father had sexually abused R.B. in the summer of 2009. Pike County Children and Youth Services (PCCY) investigated the report and deemed it unfounded on March 13, 2014.

On February 24, 2014, Mother filed a motion to modify the custody order to restrict Father to supervised custody of and communication with the Children. The trial court scheduled this Motion and Father's motion for modification filed on September 6, 2013, for hearing in May 2014. The trial court also ordered Judith Munoz to conduct evaluations of the parties and the Children and to update her recommendations from her report of April 2013.

The trial court conducted a full evidentiary hearing on May 23, 2014; June 5, 2014; July 17, 2014 and July 18, 2014. Father presented the testimony of licensed psychologist, Judith T. Munoz; intake caseworker for

PCCY, Edward Calabrese; licensed professional counselor, Susan Thompson; and the regional director of Friendship House in Honesdale, Pennsylvania, Nicole Watters Hettes. Father also testified on his own behalf. Mother presented the testimony of Thomas Regan, a National Certified Counselor for Catholic Social Services; Theresa Vosefski-Sears, licensed clinical social worker with Kids Peace; Anthony Zuclich, M.A., of Youth Advocate Programs, Inc.; Karen Ryan, Mother's sister; and Tracey DiMattia, trauma and sex abuse therapist for Kid's Peace. Mother also testified on her own behalf.

The trial court entered the order complained of on August 11, 2014. This timely appeal followed.[1]

Mother's brief is deficient in several ways. For instance, she did not provide a statement of the questions involved. *See* Pa.R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby."). Mother does however precede each section of her argument with a question in boldface type. Mother also failed to include a statement of the standard and the scope of review and a statement of the case. *See* Pa.R.A.P. 2111 (a). We have accepted Mother's

---

[1] Mother untimely filed her Rule 1925(b) statement. There was, however, no objection or claim of prejudice from Father to Mother's late filing so we have accepted it in reliance on our decision in *In re K.T.E.L.*, 983 A.2d 745 (Pa. Super. 2009).

brief with these deficiencies because they do not hinder our review of this matter.[2] We list those questions here as her questions involved:

> 1. [Mother] avers that the [t]rial [c]ourt erred when it disallowed the testimony of Thomas Regan in the field of psychology despite the fact that [Father] stipulated to his credentials for said testimony.

> 2. The [t]rial [c]ourt also misstated and did not give due deference to the opinion of Tracy DiMattia, the sexual abuse counselor, who gave the opinion that she believed the [C]hildren's stories of abuse, that custody should be granted to Mother and that Father's custody should be supervised by professionals.

> 3. The [t]rial [c]ourt erred in not finding that the report of the Custody Evaluator did not include any theory or facts as to how [Mother] created the allegations of the abuse by the [C]hildren.

> 4. The [t]rial [c]ourt erred in finding that Ms. Munoz' report supports a finding discrediting the abuse allegations[.]

Mother's Brief at 7, 8-9, 9, and 13, respectively.

Our scope and standard of review is as follows.

> In reviewing a custody order, our scope is of the broadest type and our standard is abuse of discretion. We must accept findings of the trial court that are supported by competent evidence of record, as our role does not include making independent factual determinations. In addition, with regard to issues of credibility and weight of the evidence, we must defer to the presiding trial judge who viewed and assessed the witnesses first-hand. However, we are not bound by the trial court's deductions or inferences from its factual findings. Ultimately,

---

[2] We remind Appellant's counsel, John Henry Klemeyer, Esquire, that proper appellate advocacy requires a reading and understanding of the Rules of Appellate Procedure. We strongly caution counsel to adhere in future appeals to our Rules of Appellate Procedure—or risk waiver of his clients' claims.

the test is whether the trial court's conclusions are unreasonable as shown by the evidence of record. We may reject the conclusions of the trial court only if they involve an error of law, or are unreasonable in light of the sustainable findings of the trial court.

*C.R.F., III v. S.E.F.*, 45 A.3d 441, 443 (Pa. Super. 2012) (citation omitted).

We have stated that

the discretion that a trial court employs in custody matters should be accorded the utmost respect, given the special nature of the proceeding and the lasting impact the result will have on the lives of the parties concerned. Indeed, the knowledge gained by a trial court in observing witnesses in a custody proceeding cannot adequately be imparted to an appellate court by a printed record.

*Ketterer v. Seifert*, 902 A.2d 533, 540 (Pa. Super. 2006) (quoting

*Jackson v. Beck*, 858 A.2d 1250, 1254 (Pa. Super. 2004)).

The primary concern in any custody case is the best interests of the child. "The best-interests standard, decided on a case-by-case basis, considers all factors that legitimately have an effect upon the child's physical, intellectual, moral, and spiritual wellbeing." *Saintz v. Rinker*, 902 A.2d 509, 512 (Pa. Super. 2006) (citing *Arnold v. Arnold*, 847 A.2d 674, 677 (Pa. Super. 2004)).

We must accept the trial court's findings that are supported by competent evidence of record, and we defer to the trial court on issues of credibility and weight of the evidence. If competent evidence supports the trial court's findings, we will affirm even if the record could also support the

opposite result. *See In re Adoption of T.B.B.*, 835 A.2d 387, 394 (Pa. Super. 2003).

Additionally,

> [t]he parties cannot dictate the amount of weight the trial court places on evidence. Rather, the paramount concern of the trial court is the best interest of the child. Appellate interference is unwarranted if the trial court's consideration of the best interest of the child was careful and thorough, and we are unable to find any abuse of discretion.

*S.M. v. J.M.*, 811 A.2d 621, 623 (Pa.Super. 2002) (quoting *Robinson v. Robinson*, 645 A.2d 836, 838 (Pa. 1994)).

The trial court examined each of the sixteen statutory factors governing custody enumerated in 23 Pa.C.S.A. § 5328(a), and each of the factors governing relocation enumerated in 23 Pa.C.S.A. § 5337(h) in its order entered August 11, 2014. Mother has chosen to challenge only the trial court's determination, pursuant to 23 Pa.C.S.A. § 5328(a)(2),[3] that Father did not abuse the Children sexually. She does not challenge the trial court's determination on any other of the custody or relocation factors.

Mother first complains that the trial court erred when it disallowed the testimony of Thomas Regan. We quote the trial court's response to Mother's complaint, with approval:

---

[3] 23 Pa.C.S.A. §5328(a)(2) provides that the trial court shall consider, "The present and past abuse committed by a party or member of the party's household, whether there is a continued risk of harm to the child or an abused party and which party can better provide adequate physical safeguards and supervision of the child."

Appellant initially contends that this [c]ourt disallowed the testimony of Thomas Regan as an expert in the field of psychology. Our August 11, 2014, Custody Order clearly indicates that we received the expert testimony of Mr. Regan, but chose not to accept his expert conclusions or opinions. See Finding of Fact No, 228.[4] The [c]ourt found the expert testimony and opinions of Judith Munoz, M.A., to be more persuasive. As we explained, Mr. Regan did not possess a valid license in psychology at the time of trial and was not engaged in the practice of psychology even though opposing counsel did not object to his qualifications as an expert witness in that field. This [c]ourt respectfully submits it was within its discretion to accept all, some or none of Mr. Regan's expert testimony. The trial record clearly reveals that we allowed the expert testimony of Mr. Regan, but simply did not find the same credible. Accordingly, the [c]ourt committed no abuse of discretion or error of law as to Mr. Regan's testimony.

Trial Court Order, 9/17/14, at 2.

In addition, the trial court noted, in its Finding of Fact 224, that Mr. Regan formed his opinion *without ever having met the Children*, "224. Mr. Regan never met or interviewed the minor children." The trial court did not err in failing to credit Thomas Regan's testimony. Mother's first issue is without merit.

In her second issue, Mother claims that the trial court misstated and failed to give due deference to the testimony of Ms. DiMattia. The trial court responded:

Appellant next alleges that the [c]ourt misstated and failed to give due deference to the testimony of Tracy DiMattia. The [c]ourt contends that its findings as to Ms. DiMattia's testimony

---

[4] "228. As Mr. Regan does not possess a license in psychology and conducted his co-parenting sessions in a manner which included mainly separate sessions with Mother alone, his alleged expert opinions are without merit."

were accurate. See Findings of Fact Nos. 281-293. The mere assertion that Ms. DiMattia believed the [C]hildren's stories of abuse does not conclusively determine the merits of those allegations. Rather, the [c]ourt considered all relevant evidence in concluding that [Mother] failed to establish evidence of physical abuse by [Father]. In addition, Ms. DiMattia testified that she could not give an exact reason why the [C]hildren acted out sexually during therapy sessions. See Finding of Fact No. 290.[5] As such, the [c]ourt gave due consideration to the testimony and expert opinions of Ms. DiMattia and committed no abuse of discretion or error of law with regard to the same.

*Id*.

We find no abuse of discretion in the way the trial court interpreted Ms. DiMattia's testimony. The record supports the trial court's determination that Mother failed to present evidence establishing the fact that Father abused the Children. Where competent evidence supports the trial court, we will not disturb the trial court's findings. **See In re Adoption of T.B.B.**, **supra**. Mother's second issue is without merit.

Mother next complains that the trial court erred in failing to find that Ms. Munoz's report contained no theories as to how Mother created her allegations of abuse. We again quote the trial court with approval:

Appellant also contends that Ms. Munoz did not set forth any theories or facts as to how Mother created the allegations of abuse. The [c]ourt does not believe that a specific theory or idea as to how, if at all, Mother created the allegations of abuse was necessary. In fact, a finding that Mother created such idea was collateral to Ms. Munoz's determination that Mother was perpetuating the allegations of sexual abuse without any factual foundation other than the statements of the [Children].

---

[5] "290. When asked why these behaviors may have occurred, Ms. DeMattia stated that there could be many different reasons, but could not give an exact reason."

> Allegations of abuse, as those alleged by Mother, can never be taken lightly. Nevertheless, our exhaustive consideration of all factors herein led to the conclusion that Mother did not establish her claims of sexual abuse by Father. As the question of whether or how Mother created these allegations is not required to make our custody determination, we respectfully submit that no abuse of discretion or error of law occurred therein.

Trial Court Order, 9/14/15, at 3.

We agree with the trial court. It was sufficient for the trial court to determine that the allegations of sexual abuse against Father were false. It was not necessary for the trial court to establish whether or why Mother made those allegations. Mother's third issue is without merit.

In her fourth and final issue, Mother complains that the trial court erred in finding that Ms. Munoz's report supports a finding discrediting her allegations of abuse. The trial court responded to Mother:

> In paragraph ten (10) of her Concise Statement[6], [Mother] appears to claim that Ms. Munoz had no basis for discrediting the abuse allegations of the minor [C]hildren. As previously stated, Ms. Munoz prepared very detailed custody evaluation reports. The [c]ourt found Ms. Munoz's reports and opinions persuasive. The [C]hildren did not testify at trial. Based on all of the evidence presented, including Ms. Munoz's reports and testimony, the [c]ourt concluded that Mother did not prove the allegations of sexual abuse by Father. The [c]ourt respectfully submits that the entire trial record supports our conclusion on this subject and that it did not commit any abuse of discretion or error of law.

*Id*., at 5.

---

[6] Mother's concise statement contains fourteen allegations of error. She chose to present only four of them in her brief on appeal.

Ms. Munoz's reports and opinions are not dispositive of the question of whether Father abused R.B., but are simply one factor that the trial court considered in reaching its conclusion. Our review of the record reveals that it contains sufficient credible evidence to support a determination that Father did not sexually abuse R.B.—a finding supported by *every* entity that investigated the claims. Mother's fourth issue is without merit.

Accordingly, for the reasons stated, we affirm the order of the trial court entered August 11, 2014.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/20/2015