J-A06031-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| EDWARD H.S. WRIGHT | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BOBBI JO ISENBERG | : | No. 1229 WDA 2021 |

Appeal from the Order Entered October 8, 2021
In the Court of Common Pleas of Lawrence County Civil Division at
No(s):  10668 of 2020, C.A.

BEFORE:   MURRAY, J., SULLIVAN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                **FILED:  March 29, 2022**

Appellant, Edward H.S. Wright (Father), appeals from an order of the Court of Common Pleas of Lawrence County (trial court) that granted the petition of Bobbi Jo Isenberg (Mother) to relocate, awarded Mother and Father shared legal custody of their children, awarded Mother primary physical custody, and awarded Father partial physical custody. For the reasons set forth below, we affirm.

Mother and Father are the parents of two daughters, who are presently 12 and 5 years old (collectively, the Children).  Mother and Father were not married to each other but apparently lived together until the end of 2019. *See* Custody Complaint ¶¶4-5; Father's 1/28/21 Pretrial Statement at 2.  On

_____

[*] Retired Senior Judge assigned to the Superior Court.

October 1, 2020, Father filed a custody complaint seeking shared legal custody and primary physical custody. It appears that at that time, Father had custody of the Children every other weekend by agreement and that there was no custody order. Father's 1/28/21 Pretrial Statement at 2; Custody Complaint ¶¶6, 7(c). Father lives in New Castle, Lawrence County and, at the time that Father filed the custody complaint, Mother and the Children also lived in New Castle. Trial Court Order, 11/6/20, at 3 ¶6; Custody Complaint ¶¶1-2; N.T., 4/19/21, at 16, 53.

On November 6, 2020, the trial court entered an interim custody order providing that Mother and Father had shared legal custody of the Children, that Mother had primary physical custody, and that Father had partial physical custody, consisting of every Wednesday starting at 5:00 p.m. to 5:00 p.m. Thursday and every other weekend from 5:00 p.m. Friday to 5:00 p.m. Sunday. Trial Court Order, 11/6/20, at 2-3 ¶¶3-5. This interim order also stated that "[n]either party shall remove the child[ren] from the jurisdiction of this Court with the intent of changing the physical residence of the child[ren] without the written consent of the other party or approval of the Court." *Id.* at 4 ¶14.

On December 31, 2020, Mother served an emergency petition for relief seeking to suspend Father's partial custody on the grounds, *inter alia*, that Father repeatedly struck the older child in the face, and the trial court on January 7, 2021 entered an order temporarily suspending Father's partial

- 2 -

custody and limiting him to supervised visits and telephone and other remote contact. Trial Court Order, 1/7/21. On January 28, 2021, following a hearing, the trial court entered an order finding that Father did slap the older child, prohibiting Father from slapping or striking the Children, providing a gradual phase-in of Father's visitation through February 18, 2021, and reinstating the November 6, 2021 interim custody order in full, effective February 19, 2021. Trial Court Order, 1/28/21.

On February 9, 2021, Father filed a motion for contempt alleging that Mother was not making the Children available for Father's partial custody time under the January 28, 2021 order. On March 19, 2021, Mother filed a Protection from Abuse (PFA) petition against Father in Butler County and obtained a temporary PFA order against him. On March 26, 2021, Father filed an emergency petition for relief asserting that Mother had moved from New Castle, Lawrence County to Butler County without court approval and that the older child was failing in school. In this petition, Father sought a court order requiring Mother to file a relocation petition and placing the Children in his care until the court ruled on the relocation petition.

On April 19, 2021, the trial court held an evidentiary hearing that addressed Father's emergency petition for relief, Father's contempt motion, and the factual allegations raised in Mother's Butler County PFA action. At this hearing, Father, Mother and two other witnesses testified.

Father testified that the older child was missing school and doing poorly in school under Mother's care and that Mother dropped the Children off to Father at an inconvenient location, tried to alienate the Children from him, and sometimes did not make the Children available when Father was supposed to have custody. N.T., 4/19/21, at 5-12, 14-21, 27-29. Father also testified that he has no ties to Butler County and that Mother's move to Butler County removed him from the Children's lives and makes it difficult for him to have his time with the Children because he does not have a car and has to rely on others for transportation if he has to pick the Children up and drop them off. *Id.* at 24-27, 31, 38. Father admitted that he has repeatedly recorded conversations with Mother and that he told Mother he had over 2,000 recordings of her. *Id.* at 35-38. The woman for whom Father works, at whose building some of custody exchanges occurred, testified that on multiple occasions, she saw Father waiting for the Children and the Children never arrived. *Id.* at 44-46.

Mother testified that she had to move from her New Castle, Lawrence County residence because Father was harassing her and threatening her and that she moved with the Children to a hotel room, a shelter, and later to a residence in Butler County. N.T., 4/19/21, at 53-57, 65-66, 93-99. She testified that she filed the Butler County PFA action because Father harassed her at her new residence. *Id.* at 65-67, 90. Mother testified that she always complied with the visitation schedule, but that there were occasions when she

- 4 -

took the Children to the place where the custody transfer was to occur and Father was not there. *Id.* at 57-65, 86, 99-100. Mother also testified that the older child had trouble with remote on-line school and that the school that she attends in Butler County is in-person with small class size and that she is happier and more willing to do her schoolwork in that school. *Id.* at 68-71. A police officer who accompanied Mother on one of the custody exchanges testified that Father was not there to pick up the Children on that occasion. *Id.* at 103-04. At the end of the hearing, the guardian *ad litem* that the court had appointed for the Children expressed concern about the older child missing school and the change of schools and recommended that Father have the Wednesday to Thursday and every other weekend partial custody that the court had previously ordered. *Id.* at 112.

Following this hearing, the trial court, on April 22, 2021, entered an order dismissing Father's contempt motion and ordering that if the temporary Butler County PFA order was dissolved or removed the prohibition on Father having contact with the Children, Father's partial custody provided in the January 28, 2021 order would resume with certain modifications to the custody exchanges, including requiring Mother to bring the Children to a specified location nearer to Father's home. Trial Court Order, 4/22/21. On April 27, 2021, the court in the Butler County PFA case removed the prohibition on Father having contact with the Children from the PFA order. *See* Father's 5/27/21 Petition for Special Relief ¶3.

On May 27, 2021, Father filed a petition for special relief asserting that Mother's moving the Children to Butler County was in violation of the child custody statute governing relocation and seeking an order requiring that the Children be returned to Lawrence County and granting Father primary custody. On June 4, 2021, Mother filed a petition to modify custody seeking approval of the relocation to Butler County. In this petition, Mother represented that the relocation would have no effect on Father's custody because Mother provides all transportation for Father's partial custody. Petition to Modify Custody Order ¶4. The trial court scheduled a hearing on the relocation petition for August 24, 2021. Trial Court Order, 6/11/21. On June 30, 2021, following a hearing on Father's petition for special relief, the trial court entered an order modifying the time of day for the custody exchanges to 6:00 p.m. and adding to the custody order provisions for telephone communication between Father and the Children and for communications concerning delays in the custody exchanges. Trial Court Order, 6/30/21, ¶¶1-3.

On August 24, 2021, when the hearing on the relocation petition was to be held, the parties reached an agreement concerning the relocation and custody of the Children. N.T., 8/24/21, at 2-4. The terms of this agreement were that Mother's relocation was permitted and that Father's weekend visitation, for which Mother was required to provide transportation, was expanded in the following two respects: (1) during the school year, Father had

custody additional Fridays and Mondays that school was not in session on the weekends that he had custody and (2) during the summer, one of Father's weekends each month was extended to a full week. *Id.* at 2-3. This agreement also required Father to pick up and drop off the Children for the Wednesday visitation and provided that if he did not comply, the Wednesday visitation would be eliminated. *Id.*

In Father's presence, the trial court recited this agreement on the record and Father's counsel confirmed that those were the terms of the agreement. *Id.* at 2-4; Trial Court Opinion at 2-3. The guardian *ad litem* was also present when the agreement was confirmed. N.T., 8/24/21, at 4; Trial Court Order, 10/8/21, at 1. On October 8, 2021, the trial court entered the custody order that is the subject of this appeal setting forth those agreed upon terms and the terms of the prior custody orders that the parties agreed would remain in place and providing that Lawrence County retains jurisdiction over the parties' custody disputes concerning the Children. Trial Court Order, 10/8/21. This timely appeal followed.

Appellant presents the following two issues for our review:

1. Whether the trial court abused its discretion and committed reversible error by permitting Defendant-Mother to relocate from Lawrence County, Pennsylvania to Butler County, Pennsylvania without holding an evidentiary hearing and evaluating the relocation factors to confirm that such relocation represented the best interest and permanent welfare of the minor children?

2. Whether the trial court abused its discretion and committed reversible error by entering an Order that awarded Plaintiff

partial custody rights that required him to transport the minor children during his weekday custodial time when the trial court was aware that Plaintiff was without the ability to comply because of his lack of transportation?

Appellant's Brief at iii-iv (suggested answers omitted).[1]  Both of these issues fail because Appellant agreed to the terms of the October 8, 2021 custody order that he seeks to challenge.

The child custody statute governing relocation permits relocation where "every individual who has custody rights to the child consents" to the relocation and requires a hearing and court evaluation of factors bearing on the best interest of the child only if an individual with custody rights objects to the relocation.  23 Pa.C.S. § 5337(b)(1), (f)-(h).  Here, Father expressly consented to the relocation.  N.T., 8/24/21, at 2-4.

While the requirement that Father provide transportation for his Wednesday night visitation appears harsh in light of Father's transportation problems, Father agreed to that requirement with knowledge of those difficulties and to the provision of the October 8, 2021 custody order that he would lose that visitation if he did not transport the Children on time.  N.T., 8/24/21, at 2-4.  Moreover, there is a facially apparent reason for that provision.  Requiring Father to provide transportation for weekday visitation would reduce the disruption of unnecessary travel on a school night in the

---

[1] The pages of Appellant's Brief other than the argument section, conclusion, and certificate of compliance are numbered with lower case Roman numerals.

event of a failed custody transfer, and there was evidence that Father had on occasion failed to appear for the custody exchange when Mother transported the Children to him. N.T., 4/19/21, at 57-65, 103-04. In exchange for this adverse effect on Father's custody rights and the approval of the relocation, the August 24, 2021 agreement and October 8, 2021 order provided Father with significant additional custody time where there was no issue of school disruption. N.T., 8/24/21, at 3; Trial Court Order, 10/8/21, at 3 ¶¶6(e), 7.

A party who agreed to the entry of an order generally cannot challenge that order on appeal. *R. Miller v. R.S. Miller*, 744 A.2d 778, 783 (Pa. Super. 1999); *Karkaria v. Karkaria*, 592 A.2d 64, 71 (Pa. Super. 1991). The fact that this is a child custody order does not make this rule inapplicable here. Although an agreement by the parents cannot permanently determine child custody or bar a court from determining whether the agreed upon custody arrangement is in the children's best interest, *L.J. Miller v. R.E. Miller*, 620 A.2d 1161, 1165–66 (Pa. Super. 1993); *Mumma v. Mumma*, 550 A.2d 1341, 1343 (Pa. Super. 1988), there is no finding that the order is not in the Children's best interest or any request that the trial court make such a finding.

Father filed no motion for reconsideration of the October 8, 2021 order or other motion to set aside the October 8, 2021 order or modify it on the ground that it is not in the Children's best interest. *See* Docket Entries at 5-6. Indeed, Father raised no claim that the trial court erred in entering the October 8, 2021 order until he filed his Pa.R.A.P. 1925 statement with his

notice of appeal. Raising an issue for the first time in a Rule 1925 statement does not satisfy the requirement of Pa.R.A.P. 302(a) that a party must raise all issues in the court of common pleas. *Steiner v. Markel*, 968 A.2d 1253, 1257 (Pa. 2009); *Commonwealth v. Rodriguez*, 174 A.3d 1130, 1145-46 & nn.6 & 8 (Pa. Super. 2017).

In addition, the grounds on which Father contends that the agreement to the order can be set aside are not supported by anything in the record. Father contends that his counsel agreed to the terms of the order under duress because the trial court announced on August 24, 2021, before the start of the relocation hearing, that it was going to permit Mother's relocation and that he did not agree to the entry of a consent order. Appellant's Brief at viii, 5. The transcript of the August 24, 2021 hearing does not show any such statement by the trial court or any objection by Father to the agreement when his counsel confirmed that Father agreed to the terms recited by the trial court. N.T., 8/24/21, at 2-4. Moreover, the record shows that nothing was filed on Father's behalf between the August 24, 2021 hearing and the entry of the October 8, 2021 order or at any time prior to or even at the time of filing this appeal asserting that Father had not agreed to the terms of the October 8, 2021 order. *See* Docket Entries at 5-6. Allegations of facts that are in the certified record cannot be considered on appeal. *Commonwealth v. Young*, 317 A.2d 258, 264 (Pa. 1974); *PHH Mortgage Corp. v. Powell*, 100 A.3d

611, 614 (Pa. Super. 2014); **Commonwealth v. Wint**, 730 A.2d 965, 967 (Pa. Super. 1999).

Because Father agreed to the terms of the October 8, 2021 order and made no motion in the trial court to set it aside on the grounds that it is not in the Children's best interest, he cannot challenge that order on appeal.  We therefore affirm the trial court's October 8, 2021 custody order.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/29/2022