J-S20021-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHARLES F. BENNETT | |
| Appellant | No. 1087 WDA 2015 |

Appeal from the Judgment of Sentence Entered May 9, 2014
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0000324-2013

BEFORE:  PANELLA, OLSON and PLATT,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED MARCH 7, 2016**

Appellant, Charles F. Bennett, appeals from the judgment of sentence

entered on May 9, 2014.  We affirm.

The trial court ably summarized the underlying facts of this case.

> Appellant was convicted after a jury trial on March 10 and
> 11, 2014, of aggravated assault, unlawful restraint, and
> theft by unlawful taking.[1]
>
> The aggravated assault charge arose on November 24[,
> 2012.  That night,] Appellant arrived at [the home of his ex-
> girlfriend (hereinafter "the victim")], ostensibly to repay
> monies he owed her.  Appellant was dropped off at the
> victim's house and told the victim his ride would return in
> about a half an hour.  Appellant and the victim began to use
> cocaine and drink beer.  The victim became concerned for
> her safety as Appellant's friend was not coming back to pick
> him up.  She could not find her cell phone in the kitchen

---

[1] 18 Pa.C.S.A. §§ 2702(a)(1), 2902(a)(1), and 3921(a), respectively.

*Retired Senior Judge assigned to the Superior Court.

where she normally kept it. As a precautionary measure, the victim put a knife in her pocket.

As the evening wore on, the victim told Appellant to leave as she had to work the next morning. Appellant asked the victim to give him a ride home but the victim refused. Appellant refused to leave despite numerous requests by the victim.

The victim picked up a baseball bat she kept near her front door. Appellant and the victim began arguing. The argument escalated into a physical confrontation when Appellant wrested the bat away from the victim, punched her in the face with a closed fist[,] and twice choked her to the point of unconsciousness. Appellant took the knife away from the victim['s hand,] injuring her thumb. The punch to the victim's face knocked her out and fractured her eye socket and nose, causing nerve damage to her nose. The victim described severe head trauma, bruises on her chest, arms, legs, inner thighs, outer thighs, knee, hand[,] and toe.

. . . At some point, the parties went upstairs to the victim's bedroom. Appellant left the victim's bedroom to use the victim's bathroom. The victim locked her bedroom door. The victim attempted to escape from her home by climbing out her bedroom window. When Appellant returned to the bedroom and found the door locked, he kicked her bedroom door open. Appellant saw the victim attempting to escape *via* the bedroom window and pulled her back into the bedroom before she could escape.

The charge of unlawful restraint arose when Appellant pulled her back into the bedroom, tied the victim's hands behind her back, forced her naked into a closet[,] and blocked the closet door with a dresser for more than [24] hours. At one point, the victim asked Appellant to let her out of the closet so she could use the bathroom.

On Monday morning, after she heard Appellant drive away in her vehicle, the victim was able to push open the closet door and call the police.

When the police arrived at her home, the responding officers immediately called for a priority one ambulance due to the severity of the victim's visible injuries to her right eye and nose, swelling, bruising[,] and bleeding.

The charge of theft by unlawful taking arose when Appellant took the victim's car keys and drove away in her 1999 Chevrolet Malibu without her permission early Monday morning. The victim reported her car was stolen by Appellant.

The next day, on Tuesday, the victim filed a protection from abuse [(hereinafter "PFA")] petition against Appellant. In order to serve the [PFA] petition, the victim needed Appellant's address where he could be served. After driving around in the area of Appellant's parents' homes in order to ascertain an address for Appellant, the victim found her car parked . . . in the area of Appellant's father's house. The victim notified the police she had found her vehicle.

Thereafter, Appellant was arrested. A jury trial was held March 10 and 11, 2014. Appellant chose to represent himself. Appointed counsel[, Attorney Kevin M. Kallenbach (hereinafter "Attorney Kallenbach")] remained as standby counsel. The jury returned verdicts of guilty on aggravated assault, unlawful restraint[,] and theft by unlawful taking. Appellant was found not guilty of rape and involuntary deviate sexual intercourse.

At the time of these offenses, Appellant was on state supervision for prior convictions. On May 9, 2014, Appellant was sentenced in the standard range of the sentencing guidelines as follows:

Count 1: aggravated assault: 72 to 144 months of incarceration;

Count 3: unlawful restraint: 16 to 32 months of incarceration[,] consecutive to Count 1 . . . ; and[,]

Count 4: theft by unlawful taking: 18 to 36 months of incarceration[,] consecutive to count 3. . . .

Trial Court Opinion, 12/9/14, at 1-4 (internal citations and footnote omitted) (some internal capitalization omitted).

Further, during the May 9, 2014 sentencing hearing, Appellant chose to have Attorney Kallenbach fully represent him. N.T. Sentencing Hearing, 5/9/14, at 6-7 (Attorney Kallenbach informed the trial court "I met with [Appellant] after the verdict. He has affirmed his request to have representation reinstated;" and, after the trial court asked Appellant whether Attorney Kallenbach's statement was correct, Appellant replied "Yes, it is, Your Honor").

On May 12, 2014, Appellant submitted a *pro se* post-sentence motion to the trial court. In accordance with Pennsylvania Rule of Criminal Procedure 576(A)(4), the clerk of courts forwarded the document to both the Commonwealth and Attorney Kallenbach. Attorney Kallenbach then filed an untimely post-sentence motion on May 21, 2014, wherein Attorney Kallenbach contended that the trial court abused its discretion when it sentenced Appellant. Specifically, Attorney Kallenbach contended that the trial court abused its discretion by: "setting each sentence at the top end of the standard range and [running them] consecutively [to one another]" and failing to "factor in and account for the additional anticipated revocation proceeding such that the overall sentence of [Appellant] will subject him to an excessive length of incarceration considering the nature of [Appellant's] background and nature of the offense." Appellant's Counseled Post-Sentence Motion, 5/21/14, at 1.

On May 23, 2014, the trial court entered an order denying Appellant's post-sentence motion. Trial Court Order, 5/23/14, at 1.

Following the reinstatement of Appellant's direct appellate rights, Appellant filed a timely notice of appeal. Appellant raises the following claims on appeal:[2]

_____

[2] The trial court ordered Appellant to file and serve a concise statement of errors complained of on appeal, pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). Trial Court Order, 7/17/15, at 1. Appellant complied with the trial court's order and, within his Rule 1925(b) statement, Appellant raised the following claims:

> [1.] [Appellant] avers that his sentences were manifestly excessive and clearly unreasonable, especially in their consecutiveness, and considering that a revocation sentence was also taking place, in that the court failed to take into account the fact that the cumulative sentences imposed would subject him to an excessive length of incarceration considering [Appellant's] background and the nature of his offense.
>
> [2.] [Appellant] avers that the trial court erred in failing to charge the jury with requested instructions on self-defense, duty to retreat, and a lesser included offense of simple assault and by permitting the charge to include the use of deadly force.
>
> [3.] [Appellant] avers that the trial court erred in allowing the Commonwealth's attorney to make comments that [Appellant] "always wanted to be in control" and that [Appellant] did not contact police, as these comments were prejudicial and amounted to prosecutorial misconduct.
>
> [4.] [Appellant] avers that the evidence presented in this case by the Commonwealth was insufficient to sustain the charges for which he was convicted, as follows:

*(Footnote Continued Next Page)*

[1.] The evidence in this case was insufficient to prove that [Appellant] committed the crime of aggravated assault, as the Commonwealth did not prove serious bodily injury sustained by the victim[.]

[2.] The evidence in this case was insufficient to prove that [Appellant] committed the crime of unlawful restraint, as the evidence failed to demonstrate that the victim [was] exposed to the risk of serious bodily injury[.]

[3.] The evidence in this case was insufficient to sustain the [verdict] of theft by unlawful taking as the Commonwealth failed to prove that [Appellant's intention] was to deprive the victim of the use of the vehicle when he borrowed the vehicle[.]

[4.] The court erred in failing to charge the jury with the requested instructions on self-defense, "no duty to retreat[,]" and the lesser included offense of simple assault[.]

[5.] The sentences imposed in this case were manifestly excessive and clearly unreasonable, especially in their consecutiveness, and considering that a revocation sentence was also taking place, the court failed to take into account the fact that the cumulative sentences imposed would subject [Appellant] to an excessive length of incarceration

_(Footnote Continued)_ ────────────────────

a. Unlawful Restraint – the Commonwealth failed to prove that the victim was exposed to the risk of serious bodily injury and that [she] was unable to leave the closet without assistance[;]

b. Theft by Unlawful Taking (automobile) – the Commonwealth failed to prove [Appellant's] intention to deprive the victim of the use of the automobile, as he was merely borrowing the vehicle and the vehicle was recovered at the [Appellant's] father's address.

Appellant's Rule 1925(b) Statement, 8/4/15, at 1-2.

considering [Appellant's] background and the nature of his offense.

Appellant's Brief at 2-3 (internal bolding omitted) (some internal capitalization omitted).

Appellant's first three claims challenge the sufficiency of the Commonwealth's evidence. We review Appellant's sufficiency of the evidence challenges under the following standard:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for [that of] the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Brown*, 23 A.3d 544, 559-560 (Pa. Super. 2011) (*en banc*), *quoting* *Commonwealth v. Hutchinson*, 947 A.2d 800, 805-806 (Pa. Super. 2008).

Appellant first claims that the evidence was insufficient to support his aggravated assault conviction. This claim is waived, as Appellant failed to include the claim in his court-ordered Rule 1925(b) statement. Pa.R.A.P. 1925(b)(4)(vii) ("[i]ssues not included in the [Rule 1925(b) s]tatement . . . are waived").

Next, Appellant claims that the evidence was insufficient to support his unlawful restraint conviction. According to Appellant, the Commonwealth failed to prove that the victim was exposed to the risk of serious bodily injury. Appellant's Brief at 13. This claim fails.

Appellant was convicted of unlawful restraint under 18 Pa.C.S.A. § 2902(a)(1). In relevant part, Section 2902(a)(1) declares:

> **(a) Offense defined.--** . . . a person commits a misdemeanor of the first degree if he knowingly: (1) restrains another unlawfully in circumstances exposing him to risk of serious bodily injury.

18 Pa.C.S.A. § 2902(a)(1). The Crimes Code defines "serious bodily injury" as "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S.A. § 2301.

Within Appellant's brief, Appellant argues that the evidence was insufficient to support his unlawful restraint conviction because:

> [Appellant's] testimony indicated that he did not restrain [the victim] in any way. She voluntarily invited him into her house, and according to testimony of a witness, was actually "jumping" on [Appellant]. Again, [the victim] did not recall some of her actions that night, but [Appellant]

indicated that as she was attacking him, he was able to grab her wrists to pull her down, out of self[-]defense. Thus, the evidence does not support [the crime of unlawful restraint,] in terms of [Appellant] knowingly committing this offense.

Appellant's Brief at 14.

As can be seen from the above, Appellant's claim on appeal is merely a challenge to the factfinder's credibility determinations. Specifically, Appellant claims that the jury should have believed his version of the events and disbelieved the testimony of the victim. Therefore, properly viewed, Appellant's sufficiency of the evidence claim is actually a challenge to the weight of the evidence – and the claim thus automatically fails, as Appellant neither properly preserved nor properly raised a weight of the evidence claim in this appeal. *See Commonwealth v. Widmer*, 744 A.2d 745, 751-752 (Pa. 2000) (explaining the difference between a sufficiency of the evidence claim and a weight of the evidence claim); *Commonwealth ex rel. Robinson v. Robinson*, 478 A.2d 800, 804 (Pa. 1984) ("the burden is on the appellant, and not the appellate court, to demonstrate" error).[3]

_____

[3] Further, even if Appellant properly argued that the evidence was insufficient to support his unlawful restraint conviction, the claim would still fail because the evidence was sufficient to establish that Appellant knowingly "restrain[ed the victim] unlawfully in circumstances exposing [her] to risk of serious bodily injury." 18 Pa.C.S.A. § 2902(a)(1). To be sure, viewing the evidence in the light most favorable to the Commonwealth, the evidence establishes that: Appellant twice choked the victim so that she fell unconscious; Appellant beat the victim so badly that she suffered a fractured nose, a fractured eye socket, and severe head trauma; and, instead of obtaining medical aid for the badly wounded victim, Appellant forced the victim to take off her clothes, tied the victim's hands together, and
*(Footnote Continued Next Page)*

Third, Appellant claims that the evidence was insufficient to support his theft by unlawful taking conviction because "the Commonwealth failed to prove that [Appellant's intent] was to deprive the victim of the use of the vehicle when he borrowed the vehicle." Appellant's Brief at 14. This claim is meritless.

18 Pa.C.S.A. § 3921(a) declares: "[a] person is guilty of theft if he unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof." 18 Pa.C.S.A. § 3921(a). On appeal, Appellant claims that the evidence was insufficient to support his Section 3921(a) conviction because "[Appellant] had no motive to take the vehicle, and he testified that [the victim] let him take the vehicle and he then let her know where it was located, near his father's house, and then she retrieved the vehicle." Appellant's Brief at 15. Again, Appellant's challenge is to the weight of the evidence – not to the sufficiency. **Widmer**, 744 A.2d at 751-752. Appellant's claim thus necessarily fails. **Robinson**, 478 A.2d at 804.[4]

_____
*(Footnote Continued)*

barricaded the victim in a closet – where she stayed until she was able to escape 24 hours later. N.T. Trial, 3/10/14, at 52-62, 126-127, 152-156 and 164-165. The evidence thus establishes that Appellant restrained the victim against her will, in circumstances that – because of her severe head injuries – exposed her to death or permanent brain injury. The evidence is thus sufficient to establish that Appellant committed the crime of unlawful restraint. 18 Pa.C.S.A. § 2902(a)(1).

[4] Moreover, even if Appellant had properly argued a sufficiency of the evidence claim, the claim would have failed because the victim testified that
*(Footnote Continued Next Page)*

Fourth, Appellant claims that the trial court erred "in failing to charge the jury with the requested instructions on self-defense, "no duty to retreat[,]" and the lesser included offense of simple assault[.]" Appellant's Brief at 15. We note that, within the argument section of Appellant's brief, Appellant has not claimed that the trial court erred when it failed to provide the jury with a "no duty to retreat" instruction. Appellant's Brief at 15-17. Therefore, the claim is waived. **Green v. Green**, 69 A.3d 282, 285 n.3 (Pa. Super. 2013) ("[w]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived") (internal citations and quotations omitted).

With respect to Appellant's remaining challenges to the trial court's jury instructions, we conclude: 1) Appellant's claim that the trial court failed to provide the jury with a "self-defense" instruction fails because the trial court, in fact, charged the jury on "self-defense," N.T. Trial, 3/11/14, at 166-169; and, 2) Appellant's claim that the trial court failed to charge the jury with "the lesser included offense of simple assault" is waived because Appellant did not object to the trial court's jury charge and Appellant did not

_(Footnote Continued)_ ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

Appellant severely beat her, barricaded her in a closet, took her vehicle without her valid permission, did not inform her where he was taking the vehicle or what he was going to do with the vehicle, and did not return the vehicle. N.T. Trial, 3/10/14, at 62-65. The evidence is, therefore, sufficient to establish that Appellant committed the crime of theft by unlawful taking. 18 Pa.C.S.A. § 3921(a).

- 11 -

request a lesser-included offense jury instruction, *id.* at 22-34 and 175-177; *see also* Pa.R.Crim.P. 647(B) (effective until October 1, 2015) ("[n]o portions of the charge nor omissions from the charge may be assigned as error, unless specific objections are made thereto before the jury retires to deliberate"); Pa.R.A.P. 302(b) ("[a] general exception to the charge to the jury will not preserve an issue for appeal. Specific exception shall be taken to the language or omission complained of").

Appellant's final claim on appeal is a challenge to the discretionary aspects of his sentence. "[S]entencing is a matter vested in the sound discretion of the sentencing judge, whose judgment will not be disturbed absent an abuse of discretion." *Commonwealth v. Ritchey*, 779 A.2d 1183, 1185 (Pa. Super. 2001). Moreover, pursuant to statute, Appellant does not have an automatic right to appeal the discretionary aspects of his sentence. *See* 42 Pa.C.S.A. § 9781(b). Instead, Appellant must petition this Court for permission to appeal the discretionary aspects of his sentence. *Id.*

As this Court has explained:

> [t]o reach the merits of a discretionary sentencing issue, we conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [42 Pa.C.S.A.] § 9781(b).

***Commonwealth v. Cook***, 941 A.2d 7, 11 (Pa. Super. 2007).

In the case at bar, Appellant failed to file a timely post-sentence motion. As such, Appellant's challenge to the discretionary aspects of his sentence is waived.[5] Pa.R.Crim.P. 720; Pa.R.A.P. 302(a) ("[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal").

_____

[5] As noted above, following Appellant's convictions, Appellant chose to have counsel represent him. N.T. Sentencing Hearing, 5/9/14, at 6-7. Appellant was then sentenced on May 9, 2014. ***Id.*** On May 12, 2014 – or, while Appellant was actively represented by counsel – Appellant filed a *pro se* post-sentence motion. Under our precedent, this filing constitutes a "legal nullity." ***See Commonwealth v. Nischan***, 928 A.2d 349, 355 (Pa. Super. 2007) (holding that a represented defendant's *pro se* post-sentence motion "was a nullity, having no legal effect"); ***Commonwealth v. Ali***, 10 A.3d 282, 293 (Pa. 2010) ("appellant was represented by counsel on appeal, so his *pro se* Rule 1925(b) statement was a legal nullity"); ***Commonwealth v. Tedford***, 960 A.2d 1, 10 n.4 (Pa. 2008) ("a criminal defendant currently represented by counsel is not entitled to 'hybrid representation' – *i.e.*, he cannot litigate certain issues *pro se* while counsel forwards other claims"); ***but see Commonwealth v. Leatherby***, 116 A.3d 73, 78-79 (Pa. Super. 2015) (holding that where the defendant "was effectively abandoned by counsel and the trial court failed to timely appoint new counsel, [the defendant's] *pro se* filing [did] not offend considerations of hybrid representation") (emphasis omitted). Further, Appellant's *pro se* post-sentence motion did not challenge the discretionary aspects of his sentence. ***See*** Appellant's *Pro Se* "Motion in Arrest of Judgment and Motion for a New Trial," 5/12/14, at 1-15.

We note that, on Wednesday, May 21, 2014, Appellant's attorney filed an untimely post-sentence motion and claimed that the trial court abused its discretion when it sentenced Appellant. Appellant's Counseled Post-Sentence Motion, 5/21/14, at 1. However, this post-sentence motion was untimely and, therefore, did not preserve Appellant's discretionary aspects of sentencing challenge. ***See*** Pa.R.Crim.P. 720(A)(1) ("a written post-sentence motion shall be filed no later than 10 days after imposition of sentence").

Further, even if Appellant's discretionary aspects of sentencing claim were not waived, we would conclude that the claim does not raise a substantial question that Appellant's sentence is inappropriate under the Sentencing Code. Indeed, Appellant's discretionary aspects of sentencing claim is simply a "bald claim of excessiveness due to the consecutive nature of [Appellant's] sentence." *Commonwealth v. Dodge*, 77 A.3d 1263, 1270 (Pa. Super. 2013) ("a bald claim of excessiveness due to the consecutive nature of a sentence will not raise a substantial question").

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/7/2016